IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| DBSI, INC., et al., | : | Case No. 08-12687 (PJW) |
| | : | |
| Debtors. | : | Joint Administration |

**OBJECTION OF DEXIA REAL ESTATE CAPITAL MARKETS
TO (I) FIRST MONTHLY FEE APPLICATION OF FOLEY & LARDNER LLP
AS SPECIAL COUNSEL FOR THE DEBTORS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR
THE PERIOD FROM NOVEMBER 10, 2008 THROUGH NOVEMBER 30, 2008
[DOCKET NO. 806] AND (II) FIRST MONTHLY APPLICATION OF YOUNG
CONAWAY STARGATT & TAYLOR, LLP AS COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD OF
NOVEMBER 10, 2008 THROUGH NOVEMBER 30, 2008 [DOCKET NO. 807]**

Dexia Real Estate Capital Markets ("**Dexia**"), hereby objects (the "**Objection**") to (i) First Monthly Fee Application of Foley & Lardner LLP as Special Counsel for the Debtors for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period from November 10, 2008 through November 30, 2008 (the "**Foley Application**") [Docket No. 806] and (ii) First Monthly Application of Young Conaway Stargatt & Taylor, LLP as Counsel for the Debtors and Debtors-in-Possession for Allowance of Compensation and Reimbursement of Expenses Incurred for the Period of November 10, 2008 through November 30, 2008 (the "**YCST Application**" [Docket No. 807] and together with the Foley Application, the "**Applications**"). In support of its Objection, Dexia respectfully represents:

*Introduction*

1.      Throughout these tumultuous chapter 11 cases, Dexia has continuously objected to the use by the above-captioned debtors and debtors in possession (the "**Debtors**") of Dexia's cash collateral for anything other than the <u>actual, reasonable, and necessary costs associated with the operation of the Properties</u> (as defined herein).

2.      Despite these objections, this Court has allowed the Debtors to use Dexia's cash collateral pursuant to budgets that contain line items for "Management Fees", "Asset Management Fees", "Administrative and consulting", and "Chapter 11 Legal and Admin".  In fact, the Debtors have been permitted to "silo" approximately <u>$180,000</u> of Dexia's cash collateral ($5,000 for November and $7,500 for December and January for each of the Properties) to cover "Chapter 11 Legal and Admin", which presumably includes professional fees incurred by the Debtors in these cases.

3.      Dexia asserts that these amounts should remain in their respective "silos" unless and until the Debtors obtain an order pursuant to section 506(c) of chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") allowing them to surcharge Dexia's cash collateral.  Throughout these proceedings, this Court has held that such "Chapter 11 Legal and Admin" will remain "silo'd" until further order of this Court.  To date, the Debtors have not demonstrated any "benefit" to the lenders, including Dexia, as required under § 506(c) to justify a surcharge of Dexia's cash collateral.  Without an appropriate motion before this Court, it is not proper for any professional fees to be paid in theses cases until the requisite "benefit" is demonstrated by the Debtors.

*Background*

4.	Dexia financed nine of the TIC Transactions under which various Debtors are the Master Tenants. In each case, Dexia obtained an assignment of the Masterlease as well as the subleases relating to the Masterlease. Dexia also obtained a lien on the properties leased by the Master Tenants under the Masterleases (the "**Properties**").

5.	The TIC Properties that Dexia financed and the approximate amount of outstanding debt on the loans are as follows:

| Streetside at Towne Lake | $7,797,643.88 |
|---|---|
| Anna Plaza | $6,149,102.17 |
| Springville Corner | $4,110,552.50 |
| Meadow Chase | $3,805,386.73 |
| Road 68 Retail Center | $3,242,373.42 |
| Southport Pavilion | $3,143,388.68 |
| Mansell Place | $3,096,254.28 |
| Shops of Turkey Creek | $2,973852.34 |

*Requested Relief and Basis for Request*

6.	Dexia requests that this Court hold the Applications in abeyance unless and until the Debtors file a motion, on notice, pursuant to Section 506(c) of the Bankruptcy Code and obtain an order allowing them to surcharge Dexia's cash collateral.

7.	Section 506(c) of the Bankruptcy Code states: "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim, including the payment of all ad valorem property taxes with respect to the property." 11 U.S.C. 506(c).

8. As set forth repeatedly in Dexia's (i) numerous objections to the Debtors' use of cash collateral, (ii) motion for relief from the automatic stay and (iii) motion to terminate the Debtors' use of cash collateral or to compel payment, the Debtors have not demonstrated any "benefit" to Dexia by way of these chapter 11 cases. Despite allegations to the contrary, Dexia has been ready, willing and able to step in and have receivers appointed for the Properties in order to maintain the value of the Properties, all for the benefit of Dexia and the TIC investors at such Properties.

9. Without the requisite showing by the Debtors, by way of evidence and not mere argument of counsel, the Debtors are not entitled to surcharge Dexia's cash collateral to pay professional fees as an administrative expenses to the Debtors' estates.

10. Accordingly, Dexia objects to the payment of any professional fees in these chapter 11 cases unless and until an appropriate motion pursuant to Section 506(c), on notice, is brought and granted allowing the Debtors to surcharge Dexia's cash collateral for the payment of professional fees. Until such motion is approved by this Court, the Applications should be held in abeyance and the "Chapter 11 Legal and Admin" expenses should remain in their respective silos until otherwise ordered by this Court.

Dated: January 6, 2009  
     Wilmington, Delaware

POLSINELLI SHALTON  
FLANIGAN SUELTHAUS PC

By:   /s/ Christopher A. Ward  
Christopher A. Ward (No. 3877)  
222 Delaware Avenue, Suite 1101  
Wilmington, Delaware 19801  
Telephone: (302) 252-0920  
Facsimile: (302) 252-0921  
cward@polsinelli.com

-and-

David D. Ferguson, Esq.
Polsinelli Shalton Flanigan Suelthaus PC
700 W. 47th Street, Suite 1000
Telephone: (816) 753-1000
Facsimile: (816) 753-1536
dferguson@polsinelli.com

Counsel to Dexia Real Estate Capital Markets