

phone: 314·291·3030 ▪ fax: 314·291·6546 | 3840 MCKELVEY ROAD ▪ ST. LOUIS, MO 63044 | www.stuartmaue.com



RECEIVED
MAR 19 2009
JUDGE WALSH

| | | | |
|---|---|---|---|
| **To:** | Honorable Peter J. Walsh | **From:** | Stuart Maue |
| **Fax:** | 302-573-6210 | **Pages:** | Fourteen (14) |
| **Date:** | March 19, 2009 | **Re:** | DBSI, Inc. – Appointment of Fee Examiner |

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

• **Comments** •

Judge Walsh,

Thank you for contacting me regarding the appointment of Stuart Maue as fee examiner in the DBSI, Inc. bankruptcy cases. Attached are samples of retention documents that were prepared for another case in Delaware. These documents may certainly be modified to meet your expectations. I am available at your convenience to discuss the retention documents and our appointment. We look forward to serving the court as fee examiner in this case.

Linda K. Cooper
l.cooper@smmj.com

If you are having difficulties in receiving this telecopy,
please contact the sender at (314) 291-3030. Thank you.

If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Tribune Company, et al.,[1] | ) | Case No. 08-13141 (KJC) |
| | ) | 12/8/08 |
| Debtors. | ) | Jointly Administered |
| | ) | |

### AFFIDAVIT OF LINDA K. COOPER IN SUPPORT OF ORDER AUTHORIZING THE APPOINTMENT AND EMPLOYMENT OF STUART MAUE AS FEE EXAMINER

STATE OF MISSOURI  )
                   ) ss:
COUNTY OF ST. LOUIS )

Linda K. Cooper, being duly sworn, states as follows:

1. This Affidavit is submitted in support of Stuart Maue's appointment as Fee Examiner in the above-captioned bankruptcy proceeding.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLII 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.  Stuart Maue is a legal auditing and bill review firm located at 3840 McKelvey Road, St. Louis, Missouri, 63044, and employs licensed attorneys; however, Stuart Maue is not engaged in the practice of law.

3.  This Affidavit is executed on behalf of Stuart Maue and, unless otherwise stated, the facts set forth herein are based upon my best personal knowledge, information, and belief.

4.  I am employed at Stuart Maue and have been designated as the lead senior legal auditor responsible for the services rendered in these proceedings.

5.  I am licensed to practice law in the State of Kansas, the State of Florida, and the State of Missouri. I am currently a member of good standing in each of these jurisdictions and a member of the bar of the United States District Court for the District of Kansas.

6.  In preparing this Affidavit, I requested and was provided by Debtors' counsel, a list of parties-in-interest and professionals connected with these chapter 11 cases. A copy of that list is attached as Exhibit A.

7.  Any facts set forth in this Affidavit as to the relationship between Stuart Maue and the parties-in-interest and the professionals are based on our review of Exhibit A.

8.  Insofar as I have been able to ascertain, Stuart Maue does not have connections with any of the parties-in-interest and professionals listed on Exhibit A, except Stuart Maue has provided legal auditing services to clients, including in other bankruptcy proceedings, and in that capacity, has audited the fees and expenses of some of the listed professionals.

9.  Subject to this Court's approval, Stuart Maue will charge for its services on an hourly basis, in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. Stuart Maue shall be entitled to receive compensation for its services

based on the following hourly rates: Senior Legal Auditors (attorneys and accountants) - $275.00 to $325.00 per hour; Computer Programmers/Consultants - $175.00 per hour; and Data Control Personnel - $75.00 per hour.

10. Stuart Maue will maintain detailed, contemporaneous time records and will request reimbursement for actual and necessary expenses incurred in connection with rendering its services and intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, the administrative order governing the payment of case professionals, and any other applicable orders entered in these cases.

11. To the best of my knowledge, information and belief, neither I nor any employee or representative of Stuart Maue has any connections with the Office of the United States Trustee's Office for Region 3 or the United States Bankruptcy Court for the District of Delaware that would render Stuart Maue's employment improper.

12. In this case, Stuart Maue has not shared or agreed to share any compensation paid or to be paid with any person, other than a managing director, professional, or employee of Stuart Maue.

13. I submit this Affidavit based upon the information available to me as of the date so executed and will promptly supplement this Affidavit should it become inaccurate or incomplete.

Dated: February 19, 2009

_____
Linda K. Cooper

Subscribed and sworn to before me, this 19th day of February, 2009.

_____
Beverly A. Moore
Notary Public

My Commission Expires:
November 5, 2012

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| TRIBUNE COMPANY, et al.,[1] | Case No. 08-13141 (KJC) |
| Debtors. | Jointly Administered |

## ORDER APPOINTING FEE EXAMINER AND ESTABLISHING RELATED PROCEDURES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND CONSIDERATION OF FEE APPLICATIONS

The Court having entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* ("Compensation Order"), on January 15, 2009 [Docket No. 225]; and the Court having determined that the size and complexity of these cases will result in numerous and lengthy written applications for payment of professional fees and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

reimbursement of expenses in significant amounts; and it further appearing that the appointment of a fee examiner pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure, Rule 706 of the Federal Rules of Evidence and Rule 2016-2(j) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware ("Local Rules") and the procedures of this Court, is in the best interests of the Debtors' estates, their creditors, and all parties in interest; and it further appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Debtors and the Official Committee of Unsecured Creditors ("Committee") having conferred and reached agreement with respect to this Order; and the Court having determined that sufficient cause exists to appoint a fee examiner;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. <u>Employment of Fee Examiner</u>. Stuart Maue is hereby appointed and employed as fee examiner to act as special consultant to the Court for professional fee and expense analysis and review, as described in this Order.

2. <u>Scope of Order</u>. This Order applies to: (i) all professionals in these cases employed or to be employed pursuant to section 327, 328, or 1103 of Title 11 of the United States Code ("Bankruptcy Code"); (ii) all members of official committees ("Committee Members") appointed in these cases; and (iii) any claims for reimbursement of professional fees and expenses under section 503(b) of the Bankruptcy Code to the extent permitted by the Court. This Order does **not** apply to: (a) fees earned by professionals that represent a percentage of a specified transaction, (b) ordinary course professionals employed by the

2

Debtors in accordance with the *Order Authorizing the Debtors to Retain, Employ, and Compensate Certain Professionals Utilized by the Debtors in the Ordinary Course of Business* [Docket No. 227], dated January 15, 2009 ("Ordinary Course Professionals Order"); provided however, to the extent that the fees and expenses of any professional employed pursuant to the Ordinary Course Professionals Order exceed the compensation cap set forth therein, such fees and expenses shall be reviewed by the Fee Examiner as set forth herein, or (c) as otherwise ordered by the Court. The parties subject to the terms of this Order are hereinafter referred to as "case professionals."

3. <u>Purpose of Order</u>. The Court has determined that, in conjunction with the appointment of a fee examiner, it is necessary to establish uniform procedures for the review, allowance, and payment of fees and expenses of case professionals to ensure compliance with section 330 of the Bankruptcy Code and other applicable rules and guidelines.[2]

4. <u>Effect on Interim Compensation Procedures</u>. The terms of the Compensation Order shall be modified by this Order to provide that the monthly and quarterly interim fee application (as defined in the Compensation Order) filed by the case professional shall also be sent to the Fee Examiner, together with the time entries and itemized expenses ("fee and expense detail"). The application may be sent to the Fee Examiner, via e-mail to l.cooper@smmj.com or hard-copy format via first class, U.S. Mail, to Linda K. Cooper, Stuart Maue, 3840 McKelvey Road, St. Louis, MO 63044.

The fee and expense detail shall be sent to the Fee Examiner via e-mail in a searchable electronic format, such as LEDES or Excel. If the fee and expense detail has been

---

[2] Such applicable rules and guidelines include the Local Rules and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses under 11 U.S.C. § 330, effective January 30, 1996 ("Guidelines").

submitted in the electronic format with the monthly applications, it is not necessary to resubmit that detail in conjunction with the filing of an interim quarterly fee application, unless the detail has been changed or modified.

If a case professional is unable to convert its fee and expense detail to the LEDES or Excel formats, the case professional may discuss an alternative electronic format with Stuart Maue. With respect to any fee applications that have been filed prior to the entry of this Order, the case professionals shall provide the fee and expense detail to the Fee Examiner within fifteen (15) days of the entry of this Order.

5. <u>Duties of Fee Examiner and Related Procedures</u>. During the course of its review, the Fee Examiner shall be responsible for general familiarity with the docket in these chapter 11 cases. The Fee Examiner shall be deemed to have filed a request for notice of papers filed in these cases under Bankruptcy Rule 2002 and the Fee Examiner shall be served with all such papers.

The Fee Examiner shall review and analyze in detail the monthly, interim quarterly, and final fee applications submitted by each case professional pursuant to sections 330 and 331 of the Bankruptcy Code, Local Rules, and United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330. Within thirty (30) days of receipt of the interim quarterly and final fee applications and the electronic copy of the fee and expense detail, the Fee Examiner shall provide a preliminary report regarding such review to the case professional. This period may be extended by mutual consent of the Fee Examiner and the case professional. The preliminary report will not be filed with the Court or sent to the Notice Parties.

The case professional shall thereafter have twenty (20) days to provide to the Fee Examiner additional information or comments in response to the preliminary report. The response to the preliminary report shall be in writing in a searchable electronic format, such as Microsoft Word, WordPerfect, or Excel, and forwarded to the Fee Examiner by e-mail. The case professional may also respond telephonically to the preliminary report.

Within thirty (30) days after the date of the case professional's response to the preliminary report, the Fee Examiner shall file a final report with the Court regarding each quarterly interim or final fee application. This period may be extended by mutual consent of the Fee Examiner and the case professional. The Fee Examiner shall serve the final report upon the respective case professional and the Notice Parties (as defined in the Compensation Order). The final report shall be in a format designed to opine whether the requested fees of the case professional meet the applicable standards of section 330 of the Bankruptcy Code, the Local Rules and United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330. Within fifteen (15) days after the date of the final report for each interim and final fee application, the case professional may file with the Court a response to such final report. This response shall be served upon the Notice Parties and the Fee Examiner.

Hearings on the quarterly interim fee applications shall be scheduled after the Fee Examiner has filed final reports for all quarterly interim fee applications submitted for that period. The hearing on the final fee applications shall be scheduled after the Fee Examiner has filed final reports for those applications.

Should a case professional fail to meet one or more deadlines set forth herein for the review of a quarterly interim fee application, and, in the discretion of the Fee Examiner,

the case professional's failure to meet these deadlines does not allow sufficient time for the review process to be completed, such quarterly interim fee application shall be heard at a subsequent hearing date.

The Fee Examiner shall be available for deposition and cross-examination by the Debtors, the Committee, the United States Trustee, and other interested parties, consistent with Rule 706 of the Federal Rules of Evidence.

6. Fees and Expenses of the Fee Examiner. The fees and expenses of the Fee Examiner shall be subject to application and review, pursuant to Federal Rule of Evidence 706(b), and shall be paid from the Debtors' estates as an administrative expense under section 503(b)(2) of the Bankruptcy Code. The total fees paid to the Fee Examiner for its services in accordance with this Order shall be charged at the Fee Examiner's ordinary and customary hourly rates for services of this nature.

7. Statutory Rights and Obligations of Interested Parties Unaffected. This Order does not limit the statutory rights and obligations of interested parties in these cases, including, but not limited to, the rights of parties in interest to object to monthly fee applications, quarterly interim fee applications, and/or final fee applications.

8. Service of this Order. Counsel for the Debtors shall promptly serve a copy of this Order on the Notice Parties and each of the case professionals retained in these cases, and shall file a certificate of service upon completion of such service.

9. Effect of this Order. This Order shall be effective *nunc pro tunc* to February 20, 2009 and shall remain in effect unless and until the Court orders otherwise.

10. Power of the Court. The Court shall retain authority to modify this Order upon notice to the parties. Notwithstanding any of the other provisions in this Order, the Court shall

retain the authority and responsibility to determine whether fees and expenses requested are reasonable and necessary fees and expense under section 330 of the Bankruptcy Code.

Dated: February ____, 2009

_____<br>
Kevin J. Carey<br>
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TRIBUNE COMPANY, et al.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13141 (KJC)<br><br>Jointly Administered |

CERTIFICATION OF COUNSEL REGARDING
ORDER APPOINTING FEE EXAMINER AND ESTABLISHING RELATED
PROCEDURES FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR PROFESSIONALS AND CONSIDERATION OF FEE APPLICATIONS

The undersigned counsel states as follows:

1. On December 8, 2008, the above-captioned debtors and debtors-in-possession ("Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* On December 10, 2008, the Bankruptcy Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes only.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tribune Company (0355); 435 Production Company (8865); 5800 Sunset Productions Inc. (5510); Baltimore Newspaper Networks, Inc. (8258); California Community News Corporation (5306); Candle Holdings Corporation (5626); Channel 20, Inc. (7399); Channel 39, Inc. (5256); Channel 40, Inc. (3844); Chicago Avenue Construction Company (8634); Chicago River Production Company (5434); Chicago Tribune Company (3437); Chicago Tribune Newspapers, Inc. (0439); Chicago Tribune Press Service, Inc. (3167); ChicagoLand Microwave Licensee, Inc. (1579); Chicagoland Publishing Company (3237); Chicagoland Television News, Inc. (1352); Courant Specialty Products, Inc. (9221); Direct Mail Associates, Inc. (6121); Distribution Systems of America, Inc. (3811); Eagle New Media Investments, LLC (6661); Eagle Publishing Investments, LLC (6327); forsalebyowner.com corp. (0219); ForSaleByOwner.com Referral Services, LLC (9205); Fortify Holdings Corporation (5628); Forum Publishing Group, Inc. (2940); Gold Coast Publications, Inc. (5505); GreenCo, Inc. (7416); Heart & Crown Advertising, Inc. (9808); Homeowners Realty, Inc. (1507); Homestead Publishing Co. (4903); Hoy, LLC (8033); Hoy Publications, LLC (2352); InsertCo, Inc. (2663); Internet Foreclosure Service, Inc. (6550); JuliusAir Company, LLC (9479); JuliusAir Company II, LLC; KIAH Inc. (4014); KPLR, Inc. (7943); KSWB Inc. (7035); KTLA Inc. (3404); KWGN Inc. (5347); Los Angeles Times Communications LLC (1324); Los Angeles Times International, Ltd. (6079); Los Angeles Times Newspapers, Inc. (0416); Magic T Music Publishing Company (6522); NBBF, LLC (0893); Neocomm, Inc. (7208); New Mass. Media, Inc. (9553); New River Center Maintenance Association, Inc. (5621); Newscom Services, Inc. (4817); Newspaper Readers Agency, Inc. (7335); North Michigan Production Company (5466); North Orange Avenue Properties, Inc. (4056); Oak Brook Productions, Inc. (2598); Orlando Sentinel Communications Company (3775); Patuxent Publishing Company (4223); Publishers Forest Products Co. of Washington (4750); Sentinel Communications News Ventures, Inc. (2027); Shepard's Inc. (7931); Signs of Distinction, Inc. (3603); Southern Connecticut Newspapers, Inc. (1455); Star Community Publishing Group, LLC (5612); Stemweb, Inc. (4276); Sun-Sentinel Company (2684); The Baltimore Sun Company (6880); The Daily Press, Inc. (9368); The Hartford Courant Company (3490); The Morning Call, Inc. (7560); The Other Company LLC (5337); Times Mirror Land and Timber Company (7088); Times Mirror Payroll Processing Company, Inc. (4227); Times Mirror Services Company, Inc. (1326); TMLH 2, Inc. (0720); TMLS I, Inc. (0719); TMS Entertainment Guides, Inc. (6325); Tower Distribution Company (9066); Towering T Music Publishing Company (2470); Tribune Broadcast Holdings, Inc. (4438); Tribune Broadcasting Company (2569); Tribune Broadcasting Holdco, LLC (2534); Tribune Broadcasting News Network, Inc. (1088); Tribune California Properties, Inc. (1629); Tribune Direct Marketing, Inc. (1479); Tribune Entertainment Company (6232); Tribune Entertainment Production Company (5393); Tribune Finance, LLC (2537); Tribune Finance Service Center, Inc. (7844); Tribune License, Inc. (1035); Tribune Los Angeles, Inc. (4522); Tribune Manhattan Newspaper Holdings, Inc. (7279); Tribune Media Net, Inc. (7847); Tribune Media Services, Inc. (1080); Tribune Network Holdings Company (9936); Tribune New York Newspaper Holdings, LLC (7278); Tribune NM, Inc. (9939); Tribune Publishing Company (9720); Tribune Television Company (1634); Tribune Television Holdings, Inc. (1630); Tribune Television New Orleans, Inc. (4055); Tribune Television Northwest, Inc. (2975); ValuMail, Inc. (9512); Virginia Community Shoppers, LLC (4025); Virginia Gazette Companies, LLC (9587); WATL, LLC (7384); WCWN LLC (5982); WDCW Broadcasting, Inc. (8300); WGN Continental Broadcasting Company (9530); WLVI Inc. (8074); WPIX, Inc. (0191); and WTXX Inc. (1268). The Debtors' corporate headquarters and the mailing address for each Debtor is 435 North Michigan Avenue, Chicago, Illinois 60611.

2.   Stuart Maue has been selected by the Court to serve as the fee examiner ("Fee Examiner") in the above-referenced jointly administered bankruptcy cases.

3.   The proposed order appointing Fee Examiner and establishing related procedures for compensation and reimbursement of expenses of the professionals, attached as Exhibit A, is acceptable to the Debtors, the Official Committee of Unsecured Creditors, and the Fee Examiner.

4.   Accordingly, it is requested that the Proposed Order be entered at the Court's earliest convenience.

5.   Counsel for the Debtors and the Fee Examiner are available should the Court have any questions or concerns with the foregoing.

Dated: February 19, 2009

SIDLEY AUSTIN LLP

James F. Conlan
Kevin T. Lantry
Candice L. Kline
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

-and-

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

Norman L. Pernick (No. 2290)
J. Kate Stickles (No. 2917)
Patrick J. Reilley (No. 4451)
1000 N. West Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117