# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DBSI, INC., et al., | Case No. 08-12687 (PJW) |
| Debtors. | Jointly Administered |

## FEE EXAMINER'S FINAL REPORT
## REGARDING FIRST INTERIM FEE REQUEST OF
## FOLEY & LARDNER LLP

Stuart Maue, acting in its capacity as fee examiner in the above-captioned bankruptcy proceeding, submits its final report with respect to the First Interim Fee Request of Foley & Lardner LLP for the period from November 10, 2008, through January 31, 2009 ("Application"), seeking approval of fees that total $793,017.25 and reimbursement of expenses that total $15,504.88. Foley & Lardner LLP ("Foley Lardner") is special counsel to the Debtors.

### Background

1.     Stuart Maue reviewed the Application, including each of the billing and expense entries shown in the exhibits to the monthly statements, for compliance with 11 U.S.C. § 330, Rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, as amended February 1, 2009 ("Local Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 ("Guidelines"), and legal precedence established by the United States Bankruptcy Court for the District of Delaware, the United States District Court for the District of Delaware, and the Third Circuit Court of Appeals.

2.     This report includes exhibits that detail and support the findings discussed below. Each time entry associated with a specific category, as well as a summary of the total hours and fees, are

displayed on the exhibit. Those tasks included in a specific category are underlined on the fee exhibits. For purpose of context, the other tasks within the same entry are also displayed but not underlined.

3.  Stuart Maue's methodology for reviewing fees and expenses includes addressing the uncertainty of quantifying time resulting from block billing. Block billing is the practice of billing more than one task in a single entry with a single time increment assigned to the entire entry. As an alternative to discounting the entire amount billed for an entry that is block billed, Stuart Maue assigns an equal proportional amount of time to each of the tasks contained within the blocked entry. This methodology has been adopted by courts when evaluating fees and ruling on fee applications. *See ACLU v. Barnes,* 168 F.3d 423, 429 (11th Cir. 1999). Courts have found this proportional method of analyzing block billing a reasonable solution to the problem created by timekeepers who resort to this practice. The alternative to using proportionalized time is to question the blocked entry in its entirety.

4.  Stuart Maue prepared and submitted a preliminary report to Foley Lardner and the firm submitted a written response to that report. After consideration of the firm's responses to the preliminary report, Stuart Maue prepared this final report and submits the following findings and recommendations to the Court.

### Discussion of Findings

### Reconciliation of Fees and Expenses

5.  Stuart Maue recomputed the fees and expenses requested in the Application. The hours billed by each professional and paraprofessional were totaled and these amounts were multiplied by the individual's hourly rate. The reconciliation of fees revealed that the fees requested were $511.50 more than the fees computed. The discrepancy is the result of task hours within six entries that did not equal the time billed for the entry as a whole. The discrepancy and the related entries are displayed below:

| Invoice Number | Entry Number | Timekeeper Name | Entry Date | Rate | Hours Billed | Hours Computed | Fees Billed | Fees Computed | Hour Difference | Fee Difference |
|---|---|---|---|---|---|---|---|---|---|---|
| **Overcharges** | | | | | | | | | | |
| 29131097 | 200 | Burr | 11/18/08 | $740.00 | 5.30 | 4.30 | $3,922.00 | $3,182.00 | 1.00 | $740.00 |
| 31001676 | 40 | Nelson | 01/07/09 | $550.00 | 4.20 | 4.00 | $2,310.00 | $2,200.00 | 0.20 | 110.00 |
| | | | | | | | | Total Overcharges | 1.20 | $850.00 |
| | | | | | | | | | | |
| **Undercharges** | | | | | | | | | | |
| 29135473 | 124 | Dyer | 12/05/08 | $285.00 | 1.80 | 2.10 | $513.00 | $598.50 | (0.30) | ($ 85.50) |
| 29135473 | 140 | Arca | 12/08/08 | $95.00 | 1.10 | 1.20 | $104.50 | $114.00 | (0.10) | (9.50) |
| 31001676 | 30 | Salzberg | 01/07/09 | $545.00 | 1.50 | 1.90 | $817.50 | $1,035.50 | (0.40) | (218.00) |
| 31001676 | 89 | Gallivan | 01/14/09 | $255.00 | 0.40 | 0.50 | $102.00 | $127.50 | (0.10) | (25.50) |
| | | | | | | | | Total Undercharges | (0.90) | ($338.50) |
| | | | | | | | | | | |
| | | | | | | | | Net Total Discrepancy | 0.30 | $511.50 |

This report is based on the fees computed by Stuart Maue. The recomputation of expenses revealed no difference between the amounts requested and the amounts computed.

Based on the recomputation of the fees, Stuart Maue recommends that the Foley Lardner fee request be reduced by $511.50, the amount of the net discrepancy.

### Review of Fees

6. **Potential Double Billing.** Stuart Maue examined the Application for billing entries or activities that appear to be duplicated (i.e., on the same date by the same timekeeper with identical or nearly identical descriptions and time increments). One task is identified as a potential double billing and is displayed on Exhibit A. The questioned task, totaling 0.20 hour with $109.00 in associated fees, is highlighted in bold and marked with an ampersand [&] on the exhibit.

In response to the preliminary report, Foley Lardner stated that the narrative should have read further review of objections filed to Foley Larders first Monthly Fee Application. Stuart Maue hereby accepts the explanation provided by Foley Lardner and does not make a recommendation for a reduction in fees associated with this potential double billing.

7. **Firm Staffing.** The Guidelines in Section II.A.3 state that "The following information should be provided in every fee application: ... (3) Names and hourly rates of all applicant's professionals and paraprofessionals who billed time, explanation of any changes in hourly rates from

those previously charged, and statement of whether the compensation is based on the customary compensation charged by comparably skilled practitioners in cases other than under title 11."

The Application provides the names, positions, and hourly rates of the Foley Lardner professionals and paraprofessionals who bill to this matter. This matter is staffed with 27 professionals and paraprofessionals, including eleven partners, two senior counsel, eight associates, five paralegals, and one litigation support specialist. A summary of hours and fees billed by each timekeeper is displayed on Exhibit B.

The firm bills a total of 1,502.60 hours with associated fees of $792,505.75.[1] The following table displays the hours and fees computed by timekeeper position and the percentage of total hours and fees for each position:

| Position | Hours | Percentage of Total Hours | Fees | Percentage of Total Fees |
|---|---|---|---|---|
| Partner | 1,030.40 | 69% | $664,965.75 | 84% |
| Senior Counsel | 44.00 | 3% | 22,419.50 | 3% |
| Associate | 196.00 | 13% | 59,048.00 | 7% |
| Paralegal | 227.40 | 15% | 44,920.50 | 6% |
| Litigation Support Specialist | 4.80 | * | 1,152.00 | * |
| TOTAL | 1,502.60 | 100% | $792,505.75 | 100% |

* Less than 1%

The blended hourly rate for the Foley Lardner professionals is $587.56 and the blended hourly rate for professionals and paraprofessionals is $527.42.

8. **Hourly Rate Increases.** Foley Lardner did not increase the hourly rates of any timekeepers during the first interim period.

9. **Transient Timekeepers.** The activities of those timekeepers whose participation appears to be limited and sporadic become questionable if the value of their involvement and necessity of their contribution is unclear. Nine Foley Lardner professionals and paraprofessionals billed fewer than 10.00 hours during this interim period. Stuart Maue recognizes that some professionals or paraprofessionals have specialized knowledge or expertise and may be called upon to provide services

---

[1] This amount is based on the fees computed by Stuart Maue.

to the case on a limited basis; however, it appears that some of these timekeepers had minimal involvement in the case and billed for activities that may have been performed by other timekeepers or timekeepers billing at a lower rate. The billing entries of these timekeepers total 28.30 hours and $11,296.50 in associated fees.

In response to the preliminary report, Foley Lardner stated the following:

> Each biller provided insight in a particular specialty area. In addition, if any timekeeper performed less than 3.0 hours in a given month, the time keeper was voluntarily written off.

Stuart Maue hereby accepts the explanation provided by Foley Larnder and does not make a recommendation for a reduction in fees associated with the timekeepers billing fewer than 10.00 hours during the interim period. Exhibit C displaying these entries was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, that exhibit has not been included in the final report.

10.  **Complete and Detailed Task Descriptions.**  Local Rule 2016- 2(d) states "...activity descriptions ... shall be sufficiently detailed to allow the Court to determine whether all the time, or any portion thereof, is actual, reasonable, and necessary." The rules further provide that the fee applications shall include complete and detailed activity descriptions and that each activity description shall include the nature and subject matter of the activity. Section II.D.5 of the Guidelines states that "Time entries for telephone calls, letters, and other communications should give sufficient detail to identify the parties to and the nature of the communication. Time entries for court hearings and conferences should identify the subject of the hearing or conference." Contrary to the requirements of the Local Rules and the Guidelines, many activity descriptions in the Application were not sufficiently detailed. These activities were identified as either vaguely described conferences or other vaguely described activities and are discussed below. Stuart Maue requested that in future applications, Foley Lardner provide sufficient detail for each entry.

a. **Vaguely Described Conferences.** Stuart Maue identified 41 billing entries for conferences that did not include the name of the person(s) to whom the communication was made and/or the subject or purpose of the communication. These entries total 29.85 hours with $18,156.00 in associated fees.

In its response, the firm provided additional detail related to the entries identified as vaguely described conferences. Stuart Maue accepts the firm's explanation and does not recommend any reduction in fees for these entries.

b. **Other Vaguely Described Activities**. Stuart Maue also identified 54 other tasks that did not include sufficient detail. Activity descriptions for the review of documents and correspondence should identify the document and the person who prepared the document or correspondence and its subject matter. A description of correspondence should identify the correspondent and the subject of the correspondence. Similarly, a description for preparation of pleadings should identify the pleading drafted or revised. Activity descriptions for legal research should include the issues researched and the purpose of the research. The activity description must be sufficiently detailed to allow a determination of whether the research is case related, whether the research is presumably familiar to experienced professionals, or whether the research is being performed by a professional with an appropriate experience level. Many of the Foley Lardner entries describing correspondence or e-mail either did not identify the recipients or sender of the communication or the subject or purpose of the communication.

The Application also included several fee entries that used the phrases "attend to," "attention to," or "follow-up." Those phrases do not provide sufficient detail or specify the nature of the activity (i.e., draft, revise, review, or research, etc.) being performed by the timekeeper. For example, the firm included entries that stated "Attention to collateral issues" or "Attention to M&I account issues", which do not identify in what activity the timekeeper was engaged. The entries

identified as other vaguely described activities total 27.65 hours with $15,743.50 in associated fees. Stuart Maue requested that in future applications, Foley Lardner provide sufficient detail for each entry.

In its response, the firm provided additional detail related to the entries identified as vaguely described conferences and stated that, "Entries are not more detailed to avoid disclosing sensitive client information." Stuart Maue accepts the firm's explanation and does not recommend any reduction in fees for these entries. Exhibits D and E displaying the vaguely described entries were included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibits have not been included in the final report.

11. **Block Billing.** The Guidelines in Section II.D.5 state, "... Services should be noted in detail and not combined or "lumped" together, with each service showing a separate time entry; ... ." The Application included only nine entries that were block billed. Two of those entries included travel time. One of those entries, billed by partner Stephen I. Burr on November 21, 2008, included working travel to, preparation for, and attendance at a U.S. Trustee meeting related to the formation of the unsecured creditors' committee. The second entry billed by partner Michael P. Richman on December 17, 2008, included working travel to Wilmington, Delaware and preparations for a hearing. Each of the activities in these entries should be billed in a separate entry with a time increment assigned to each task. This is essential so that the time billed for the working travel, the preparation for the event, and the attendance at the event may be evaluated for reasonableness. The entries identified as block billing totaled 28.70 hours with $20,024.50 in associated fees and were displayed on Exhibit F.

Stuart Maue requested that the firm review the entries identified as block billed and take corrective action to ensure that future fee applications do not include these types of entries. In addition, Stuart Maue requested that Foley Lardner provide the time increment associated with each task in the entries billed by Mr. Burr and Mr. Richman discussed above.

In its response, the Foley Lardner stated that, "Both of the working travel entries for Burr and Richman were working travel and they both explain what they did while traveling." Stuart Maue recognizes that working travel is billable at the timekeeper's regular hourly rate; however, the travel time should not be lumped with the time attending the meeting, hearing or other event. The entries by both Mr. Burr and Mr. Richman did not disclose the travel time, the preparation time, or the time for attendance at the meetings and that information was not provided in the response.

Stuart Maue accepts the firm's explanation for the entries identified as block billed; however, the firm is requested to separate its entries in future applications, specifically the travel entries, and assign a time increment to each task.

12. **Conferences, Hearings, and Other Events.** Local Rule 2016-2 (d)(ix) provides, "...The activity descriptions shall individually identify all meetings and hearings, each participant, the subject(s) of the meeting or hearing, and the participant's role." Section II.D.5 of the Guidelines states, "...If more than one professional from the applicant firm attends a hearing or conference, the applicant should explain the need for multiple attendees." While it may be appropriate to have multiple attendees at some conferences, hearings or other events, the attendance of multiple professionals should be justified. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, 856 (3rd Cir. 1994). Stuart Maue identified all conferences, hearings, and other events and classified them either as a nonfirm conference, hearing, and other event, or as an intraoffice conference. Nonfirm conferences are identified as a conference attended by at least one person from outside the firm. Intraoffice conferences are identified as conferences in which only firm personnel participate. Stuart Maue identified several nonfirm conferences and other events attended by multiple timekeepers. Contrary to Local Rule 2016-2, neither the fee application nor the activity descriptions explained the role of each participant or the need for multiple attendees.

a. **Nonfirm Conferences, Hearings, and Events.** Stuart Maue identified those entries when two or more Foley Lardner timekeepers bill to attend the same nonfirm conference,

hearing, or other event. For example, on November 14, 2008, five Foley Lardner timekeepers bill to attend a conference call with TIC investors and, on December 1, 2008, five timekeepers bill to attend a conference call with the clients and Young Conaway attorneys. The entries identified as multiple attendances at nonfirm conferences, hearings and other events total 124.85 hours with $75,388.50 in associated fees. The entries for all attendees, except the timekeeper who appears to be the most responsible (i.e., the one who bills the most fees and/or hours to the matter) total $67.05 hours with $35,006.00 in associated fees.

In its response to the preliminary report, Foley Lardner described the role and necessity of multiple billers at the nonfirm conferences. Stuart Maue accepts the explanation provided by the firm and does not make a recommendation for a reduction in fees associated with these entries. Exhibit G displaying these entries was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

**b.** **Intraoffice Conferences.** Frequent intraoffice conferences may indicate inappropriate levels of staffing, unnecessary conferring, or the use of inexperienced personnel. The fees billed by Foley Lardner for intraoffice conferences total 56.65 hours with $27,129.25 in associated fees, which represents approximately 3% of the total fees requested in the Application. In some instances, two or more firm professionals and/or paraprofessionals bill to participate in or attend the same internal conference. The intraoffice conferences attended by more than one timekeeper total 30.05 hours with $14,713.25 in associated fees. Stuart Maue notes that the time billed for intraoffice conferences appears reasonable.

In its response to the preliminary report, Foley Lardner satisfactorily described the role and necessity of multiple billers at the same intraoffice conference. Stuart Maue accepts the explanation provided by Foley Lardner and does not make a recommendation for a reduction in fees associated with the intraoffice conferences. Exhibit H displaying these entries was included in the

preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these entries, the exhibit has not been included in the final report.

13. **Administrative Activities.** Activities associated with the day-to-day operations of the firm are considered administrative in nature and as such are reflected in the hourly rates charged by the firm. Similarly, activities relating to the training and assignment of tasks to staff members or the "supervision" of any administrative functions should be considered a cost of doing business and a factor considered in establishing the firm's hourly rates. Also included in administrative tasks is time expended to review and edit firm time entries and invoices. "Where the time entries require revision to conform to the court's standards, the editing services are administrative functions that are not compensable even if they are performed by a professional." *See In Re CF & I Fabricators of Utah,* 131 B.R. 474, 485 (D. Utah 1991). The entries identified as administrative activities in the preliminary report total 16.50 hours and $5,684.50 in associated fees.

> In its response, Foley Lardner stated:
>
> The case cited is from 1991 and the U.S. Trustee did not establish billing guidelines until 1996. As a result of the implementation of the U.S. Trustee's detailed billing guidelines in 1996, law firms have been required to utilize attorneys with significant bankruptcy experience to review fee applications and the associated bills to ensure compliance with these guidelines. In this case, the attorney time associated with reviewing the fee applications and associated billing records is certainly justified and appropriate. The nature and complexities of the numerous non-core-bankruptcy issues raised in this case required the firm to work with the U.S. Trustee's office to create detailed specialty categories for the various professional services rendered by Foley & Lardner LLP in this case. Specifically, Foley & Lardner LLP provided services related to tenant-in-common offerings, bankruptcy issues, regulatory compliance issues, and governmental investigations. The attorney time expended on these tasks is required by the U.S. Trustee and is therefore properly billable.

Upon receipt of the firm's response, Stuart Maue again reexamined and analyzed the entries identified as administrative activities in the preliminary report. Upon reexamination, those entries that appeared to relate to the actual preparation of the monthly fee application were removed

from the exhibit; however, those entries related to reviewing the bills, the invoice narratives, and the time entries remain on the exhibit. It is Stuart Maue's position that the adoption of the U.S. Trustee guidelines in 1996 did not change the review of time detail or invoice narratives to a nonadministrative activity. The review of a professional's or paraprofessional's time entries and time increments or evaluating the reasonableness and necessity of fees before submitting invoices to a client is a firm activity that should not be billed to a client. The entries that remain identified as administrative activities by the Stuart Maue are displayed on Exhibit I-1 and total 5.10 hours with $3,013.00 in associated fees. Stuart Maue recommends a reduction in the fees associated with the revised exhibit of administrative tasks in the amount of $3,013.00.

14.     **Administrative Activities – Conflicts Checks.**  As a general rule, the time spent to perform the conflicts checks required as a condition of a firm's retention is not compensable. *See In Re ACT Manufacturing, Inc.,* 281 B.R. 468, 490 (Bankr. D. Mass. 2002). Stuart Maue identified 14 entries relating to conflicts checks, totaling 35.40 hours with $10,296.50 in associated fees. Those entries are displayed on the attached Exhibit I-2.

> In response, Foley Lardner stated:
>
> Attorney time is clearly required to prepare the required documents associated with the applications filed for approval and retention of professionals for the debtor-in-possession. The attorney time identified by the Examiner on Schedule I-2 of the Examiner's Report is attorney time that was required to prepare and file the appropriate retention applications. As such, this time is appropriately billed and payable.

> Stuart Maue acknowledges Foley Lardner's response; however, unless conflicts checks

are related to heightened disclosure requirements mandated by the Court, it is Stuart Maue's position that these tasks are administrative activities. As such, Stuart Maue recommends that the fee request be reduced by $10,296.50 for these activities.

15.     **Clerical Activities.**  Clerical activities include tasks that do not require legal acumen and may be effectively performed by administrative assistants, secretaries, or support personnel.

Clerical activities include, but are not limited to, filing, organizing and updating files, retrieving and distributing documents, checking the docket, calendaring events, scanning documents, and photocopying. Some courts have determined that the performance of clerical or secretarial tasks by attorneys, accountants, paralegals, and other paraprofessionals generally constitutes nonbillable time and should be delegated to nonbilling staff members. "Fees for services that are purely clerical, ministerial, or administrative should be disallowed." *See Missouri v. Jenkins,* 491 U.S. 274, 288 fn.10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). However, other courts have determined that clerical activities are billable at a clerical rate. *See In Re Busy Beaver Bldg. Centers, Inc.* 19 F.3d 833, (3rd Cir. 1994). In this Court, there has been a practice of recommending that clerical activities be paid at the rate of $80.00 per hour and it is Stuart Maue's intent to follow that practice in this case. The entries identified as clerical activities in the preliminary report totaled 36.30 hours with $8,989.50 in associated fees.

> Foley Lardner responded stating:
>
> The time entries identified on Exhibit "J" to the Examiner's Report do not constitute mere administrative activities that could have been performed by non-attorney clerical staff. Rather, these entries relate to Foley & Lardner LLP attorneys being required to utilize attorney acumen to locate, identify, and transmit applicable documentation associated with the complex issues being raised in this case. In addition to identifying applicable documentation, many of these time entries are associated with creating documentation and discussing these issues with the client and opposing counsel. Certainly, it would not be appropriate to regulate such tasks to clerical personnel.

Upon receipt of the firm's response, Stuart Maue again reviewed and analyzed the entries identified as clerical activities in the preliminary report. Upon reexamination, those entries that appeared to relate to the location, identification, and transmitting of property and loan documentation were removed from the exhibit. The remaining entries, totaling 1.20 hours with $231.00 in associated fees, relate to file organization, creating files, locating phone numbers and contact information, and scanning documents. It is Stuart Maue's position that those activities are clerical in nature and

recommends that these entries be paid at the rate of $80.00 per hour, resulting in a $135.00 reduction in the requested fees.

16.    **Travel.**  Local Rule 2016-2 (d)(viii) provides, "Travel time during which no work is performed shall be separately described and may be billed at no more than 50% of regular hourly rates ... ."  The Application included eight entries describing travel, including two that were described as working travel billed at the timekeepers' full hourly rates.  In some instances, the time billed for travel is block billed or appears questionable, making it difficult to determine if the time billed was reasonable.  For example, Mr. Burr billed 12.60 hours on November 12, 2008, for nonworking travel to Wilmington, Delaware.  According to the firm, Mr. Burr is located in the firm's Boston office, so it is unclear why the travel to Delaware would have taken that much time.  The Application also included entries by Mr. Burr and Mr. Richman for working travel that lumped travel time with other activities; making it impossible to determine the actual travel time.  These entries were also identified as block billing and are discussed in paragraph 10.

Partner James A. Manzi bills 5.60 hours on January 28, 2009, and 6.60 hours on January 29, 2009, for travel to and from Tampa, Florida.  According to the firm, Mr. Manzi is located in the firm's Boston office, so it was unclear why he billed the estate for travel to and from Florida.

All of the entries describing travel are displayed on Exhibit K and total 41.77 hours with $18,148.58 in associated fees.  Stuart Maue requested that Foley Lardner provide information regarding the actual travel time for each of the blocked entries, an explanation for the travel to and from Florida by Mr. Manzi, and an explanation for the travel billed by Mr. Burr on November 12, 2008.

Foley Lardner responded as follows:

Travel was requested by client and principal bankruptcy counsel for two attorneys to provide in-Court backup on securities and real estate issues related to the formation of a Creditors' Committee and auction of TIC Property Master Leases.

Jim Manzi works out of both the Tampa and Boston offices of Foley. By traveling from Tampa he was traveling from one of the Foley offices where he is permanently resident, and where he was at the time that travel became necessary.

We have double checked our records and we will reduce the time entry by 1/2 (from 12.60 to 6.30 hours).

Stuart Maue accepts the explanations of the firm and will reduce the time billed for travel for Mr. Burr's trip on November 12, 2008, from 12.60 hours to 6.30 hours, which results in a reduction of fees in the amount of $2,331.00. Stuart Maue recommends that the fees requested be reduced by that amount, as agreed by the firm.

17. **Foley Lardner Retention/Compensation.** Stuart Maue reviewed and identified 128 entries related to the retention and compensation of Foley Lardner. The firm bills 156.10 hours with associated fees of $64,192.00 to prepare the firm's retention documents and applications for compensation, which represents approximately 8% of the total fees billed by the firm. Exhibit L displaying these entries was included in the preliminary report provided to the firm. Because there is no recommendation for a reduction in the fees for these activities, the exhibit is not included in the final report.

### Review of Expenses

18. **Pre-retention Expenses.** The Application included requests for reimbursement of several expenses that were incurred prior to November 10, 2008, the firm's effective date of retention. These expenses are displayed on Exhibit M and total $5,769.71. The entries that have been identified as pre-retention expenses are not included with any of the expenses discussed below.

The firm responded stating that it would agree to reduce its requested expense reimbursement by the amount identified as pre-retention expenses. Stuart Maue recommends that the amount requested for expense reimbursement be reduced by $5,769.71, as agreed by the firm.

19. **Complete and Detailed Itemization of Expenses.** The Guidelines in Section II.E.3 state "Factors relevant to a determination that the expense is proper include ... . Whether applicant has

-14-

provided a detailed itemization of all expenses including the date incurred, description of expense (e.g., type of travel, type of fare, rate, destination), method of computation, and, where relevant, name of the person incurring the expense and purpose of the expense. Itemized expenses should be identified by their nature (e.g., long distance telephone, copy costs, messengers, computer research, airline travel, etc.) and by the month incurred." Foley Lardner provides an itemization for its expenses that includes the category, the date, the description, the amount, and the name of the timekeeper incurring the charge. However, the out-of-town travel expenses are not sufficiently detailed. In two expense entries, the firm combines charges for airfare, lodging, car service, and parking into one entry. It is not possible to determine the charge for the individual expenses or to determine if the charges were reasonable and necessary. Supporting documentation for these expense charges was not included with the Application. The following table displays the expense entries that lack sufficient detail:

| Invoice Number | Date | Amount | Description |
|---|---|---|---|
| 31001676 | 01/28/09 | $1,438.97 | TRANSPORTATION / TRAVEL EXPENSES - - VENDOR: STEPHEN I. BURR-1/28/09-1/29/09 APPEAR AT BANKRUPTCY COURT IN DELAWARE RE: DBSI BANKRUPTCY/CAB FARE, AIR FARE, LODGING, TIPS FOR CAR SERVICE. [BURR, STEPHEN I.] |
| 31001676 | 01/29/09 | $521.10 | TRANSPORTATION / TRAVEL EXPENSES - - VENDOR: JAMES MANZI-1/29/09 ATTENDING HEARING IN WASHINGTON DC/PARKING, AIR FARE, LODGING, BAGGAGE CHECK. [MANZI, JAMES A.] |

Stuart Maue requested that Foley Lardner provide an itemization of each charge included in the out-of-town expenses shown above and the firm responded stating:

> $1,438.97 charge on 1/28/09 for Steve Burr - Purpose of the trip was to appear at bankruptcy court in Delaware.
> Cab Fare $58.00
> Air Fare $1,137.20
> Lodging $223.77
> Tips for Car Service $20.00.
>
> $521.10 charge on 1/29/09 for Jim Manzi - Purpose of the trip was to appear at hearing in Wilmington, Delaware.
> Parking $29.00
> Air Fare $247.20
> Lodging $229.90
> Baggage Check $15.00

Stuart Maue accepts the explanation of the firm and does not make a recommendation for any reduction in the request for reimbursement for these expenses.

20. **Photocopies.** Local Rule 2016-2 (e)(iii) states, "The motion shall state the requested rate for copying charges (which shall not exceed $0.10 per page, ... ." The firm requested reimbursement of $121.00 for duplication charges. Foley Lardner states in each of its Monthly Applications that its rate for duplication is $0.10 per page; however, on two occasions copies were billed at $0.15 per page. The overcharge for photocopies is $27.40. The following table displays the detail for these entries:

| Invoice Number | Entry Date | Amount Requested ($0.15 per page) | Amount Allowed ($0.10 per page) | Description |
|---|---|---|---|---|
| 31001676 | 01/16/09 | $40.65 | $27.10 | 271 COPIES. [NELSON, TERRY D.] |
| 31001676 | 01/20/09 | $0.45 | $0.30 | 3 COPIES. [THARPE, LISA L.] |

In its response to the preliminary report, Foley Lardner stated that "[u]pon review, we will consent to the non-payment of these charges." Stuart Maue hereby accepts the explanation provided by Foley Lardner and recommends a reduction in the requested expenses in the amount of $27.40 relating to these photocopy charges.

21. **Computer Assisted Legal Research.** Local Rule 2016-2 (e)(iii) states, "The motion shall state ...computer assisted legal research charges (which shall not be more than the actual cost)... ." The firm bills $3,444.98 for computer assisted legal research and the Application does not state that this research is billed at actual cost. Stuart Maue requested that Foley Lardner provide additional information regarding the costs associated with the firm's computer-assisted research and how those costs are determined. The firm responded stating, "Foley receives a discount from both Lexis and Westlaw and the client benefits from the discount. Client is charged actual cost that Foley is billed."

22. **Facsimile.** Local Rule 2016-2 (e)(iii) states, "The motion shall state ... outgoing facsimile transmission charges (which shall not exceed $1.00 per page, with no charge for incoming facsimiles)." Foley Lardner did not request reimbursement for facsimile charges.

23.     **Overhead Expenses.** Section II.E.7 of the Guidelines state, "Factors relevant to a determination that the expense is proper include the following: Whether the expenses appear to be in the nature of nonreimbursable overhead. Overhead includes, but is not limited to, word processing, proofreading, secretarial and other clerical services, rent, utilities, office equipment and furnishings, insurance, taxes, local telephones and monthly car phone charges, lighting, heating and cooling, and library and publication charges." Foley Lardner requested reimbursement of $75.00 for supplies, which are displayed in the following table. The description does not include sufficient information to determine the purpose of this charge.

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 31001676 | 01/27/09 | $75.00 | SUPPLIES - K. SAYER [RICHMAN, MICHAEL P.] |

In its response, Foley stated that, "This charge is for supplies. 8-1 inch binders, 2-2 inch binders and tabs 13 sets of 1&2, for use at hearings in this matter. Accordingly, the costs of these binders should be reimbursed."

These charges appear to be office supplies that should be included in the firm's overhead. Stuart Maue recommends that the requested expense reimbursement be reduced by $75.00 for these supplies.

24.     **Overtime Meal Expenses.** Foley Lardner requested reimbursement of one after-hours meal in the amount of $21.18, which is displayed in the following table. Although a firm may have a policy that personnel may be reimbursed for meals when working late, such charges are generally considered part of the firm's overhead.

| Invoice Number | Entry Date | Amount | Description |
|---|---|---|---|
| 29131097 | 11/14/08 | $21.18 | MEALS - - VENDOR: FOLEY & LARDNER LLP - BOSTON AFTER HOURS MEALS T. REZEK [MANZI, JAMES A.] |

Foley Lardner responded that it agrees to reduce its expense request for this overtime meal expense. Stuart Maue recommends that the request for reimbursement of expenses be reduced by $21.18.

25. **Expenses Associated With Multiple Attendances.** Stuart Maue identified one event, an auction on January 28 and 29, 2009, in Wilmington, Delaware, that was attended by two Foley Lardner timekeepers and the firm requested reimbursement for expenses associated with those multiple attendances. The expenses associated with multiple attendance total $2,058.85. The firm provided an explanation for the necessity of multiple attendees at the auction and Stuart Maue accepts that explanation and makes no recommendation for a reduction in expenses for the multiple attendees.

## Conclusion

Stuart Maue submits this final report regarding the First Interim Fee Request and the fees and expenses discussed above. Stuart Maue recommends the approval of fees in the amount of $776,730.25 ($793,017.25 minus $16,287.00)[2] and reimbursement of expenses in the amount of $9,611.59 ($15,504.88 minus $5,893.29), for the period from November 10, 2008, through January 31, 2009. A summary of the fee examiner's findings is attached to this final report and marked as Appendix A.

---

[2] Because the firm requested more than the computed amount, the recommended fee reduction has been adjusted by the discrepancy in fees, as displayed in Appendix A.

Respectfully submitted,

**STUART MAUE**

By: _____
Linda K. Cooper

3840 McKelvey Road
St. Louis, Missouri 63044
Telephone:   (314) 291-3030
Facsimile:   (314) 291-6546
l.cooper@smmj.com

Fee Examiner

# APPENDIX A

## FOLEY & LARDNER LLP

### SUMMARY OF FINDINGS

#### First Interim Fee Request (November 10, 2008 through January 31, 2009)

##### A.    Amounts Requested and Computed

| | | |
|---|---|---|
| Fees Requested | $793,017.25 | |
| Expenses Requested | 15,504.88 | |
| | | |
| TOTAL FEES AND EXPENSES REQUESTED | | $808,522.13 |
| | | |
| Fees Computed | $792,505.75 | |
| Expenses Computed | 15,504.88 | |
| | | |
| TOTAL FEES AND EXPENSES COMPUTED | | $808,010.63 |
| | | |
| Discrepancy in Fees | $    511.50 | |
| | | |
| TOTAL DIFFERENCE BETWEEN COMPUTED AND REQUESTED FEES AND EXPENSES | | $    511.50 |

##### B.    Recommended Fee Allowance and Expense Reimbursement

| | | |
|---|---|---|
| Fees Requested | $793,017.25 | |
| *Discrepancy in Fees* | *($   511.50)* | |
| *Recommended Reduction for Administrative Activities* | *(3,013.00)* | |
| *Recommended Reduction for Administrative Activities – Conflicts Checks* | *(10,296.50)* | |
| *Recommended Reduction for Clerical Activities* | *(135.00)* | |
| *Agreed Reduction for Travel* | *(2,331.00)* | |
| | | |
| Subtotal | *($16,287.00)* | |
| | | |
| RECOMMENDED FEE ALLOWANCE | | $776,730.25 |
| | | |
| Expenses Requested | $15,504.88 | |
| *Agreed Reduction for Pre-retention Expenses* | *($ 5,769.71)* | |
| *Agreed Reduction for Photocopies* | *(27.40)* | |
| *Recommended Reduction for Supplies* | *(75.00)* | |
| *Agreed Reduction for Overtime Meal Expenses* | *(21.18)* | |
| | | |
| Subtotal | *($ 5,893.29)* | |
| | | |
| RECOMMENDED EXPENSE REIMBURSEMENT | | 9,611.59 |
| | | |
| TOTAL RECOMMENDED FEE ALLOWANCE AND EXPENSE REIMBURSEMENT | | $786,341.84 |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served via First Class Mail, postage prepaid, to the following Notice Parties on the 14th day of August, 2009.

Mr. Douglas L. Swenson
President
DBSI Inc.
12426 West Explorer Drive, Suite 220
Boise, ID 83713

Michael R. Nestor, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Richard Schepacarter, Esq.
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19801

Donald J. Detweiler, Esq.
Greenberg Traurig, LLP
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE 19801

Michael H. Goldstein, Esq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400 East
Santa Monica, CA 90404

Michael P. Richman, Esq.
Foley & Lardner LLP
111 Huntington Avenue
Boston, MA 02199

_____
Linda K. Cooper

## POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Salzberg, M | 0.40 | 218.00 |
| | 0.40 | $218.00 |

## POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Salzberg, M | 0.20 | 109.00 |
| | 0.20 | $109.00 |

## POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 0.40 | 218.00 |
| | 0.40 | $218.00 |

## POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 0.20 | 109.00 |
| | 0.20 | $109.00 |

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 01/07/09 Wed | Salzberg, M 31001676/31 | 0.20 | 0.20 | 109.00 | 0.20 | F | 1 | *MATTER NAME: BANKRUPTCY* <br> RECEIVE/REVIEW OBJECTIONS FILED TO FOLEY & LARDNER'S FIRST MONTHLY FEE APPLICATION (.2). |
| 01/07/09 Wed | Salzberg, M 31001676/32 | 0.40 | 0.20 | 109.00 | 0.20 0.20 | F & F | 1 2 | *MATTER NAME: BANKRUPTCY* <br> RECEIVE/REVIEW OBJECTIONS FILED TO FOLEY & LARDNER'S FIRST MONTHLY FEE APPLICATION (.2): <br> COMMUNICATE WITH M. RICHMAN, S. BURR AND K. APPLEBY REGARDING SAME (.2). |

|  |  |  |  |
|--|--|--|--|
| TOTAL OF ALL ENTRIES | | 0.40 | $218.00 |
| TOTAL ENTRY COUNT: | 2 | | |
| TOTAL TASK COUNT: | 2 | | |
| TOTAL OF & ENTRIES | | 0.20 | $109.00 |
| TOTAL ENTRY COUNT: | 1 | | |
| TOTAL TASK COUNT: | 1 | | |

EXHIBIT A
POTENTIAL DOUBLE BILLING
Foley & Lardner LLP

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR
POTENTIAL DOUBLE BILLING

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Salzberg, M | 0.40 | 218.00 |
| | 0.40 | $218.00 |

SUMMARY OF HOURS AND FEES BY INDIVIDUAL FOR
POTENTIAL DOUBLE BILLING - QUESTIONED

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Salzberg, M | 0.20 | 109.00 |
| | 0.20 | $109.00 |

POTENTIAL DOUBLE BILLING

Foley & Lardner LLP

SUMMARY OF HOURS AND FEES BY MATTER FOR

POTENTIAL DOUBLE BILLING

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 0.40 | 218.00 |
| | 0.40 | $218.00 |

SUMMARY OF HOURS AND FEES BY MATTER FOR

POTENTIAL DOUBLE BILLING - QUESTIONED

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 0.20 | 109.00 |
| | 0.20 | $109.00 |

(–) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|---|---|---|---|---|---|---|
| 9378 | Burr, Stephen I. | PARTNER | $370.00 | $740.00 | 335.20 | $240,981.00 |
| 9010 | Manzi, James A. | PARTNER | $325.00 | $650.00 | 125.40 | $77,545.00 |
| ELC | Corey, Elizabeth L. | PARTNER | $630.00 | $630.00 | 115.10 | $72,513.00 |
| 9622 | Appleby, Kenneth R. | PARTNER | $700.00 | $700.00 | 89.70 | $62,790.00 |
| TDN | Nelson, Terry D. | PARTNER | $550.00 | $550.00 | 109.20 | $60,060.00 |
| LLT | Tharpe, Lisa L. | PARTNER | $550.00 | $550.00 | 101.40 | $55,770.00 |
| 9008 | Kellogg, Jarvis P. | PARTNER | $650.00 | $650.00 | 67.10 | $43,615.00 |
| MASA | Salzberg, Mark A. | PARTNER | $545.00 | $545.00 | 34.90 | $19,020.50 |
| MGBR | Breuer, Matthew G. | PARTNER | $500.00 | $500.00 | 30.70 | $15,350.00 |
| 5792 | Richman, Michael P. | PARTNER | $427.50 | $895.00 | 18.50 | $14,921.25 |
| 8996 | Pravda, Susan E. | PARTNER | $750.00 | $750.00 | 3.20 | $2,400.00 |

No. of Billers for Position: 11     Blended Rate for Position: $645.35     1,030.40     $664,965.75

% of Total: 68.57%     % of Total: 83.91%

| 5763 | Warren, Adria | SENIOR COUNSEL | $505.00 | $505.00 | 38.30 | $19,341.50 |
| 5294 | McLaughlin, Peter F. | SENIOR COUNSEL | $540.00 | $540.00 | 5.70 | $3,078.00 |

No. of Billers for Position: 2     Blended Rate for Position: $509.53     44.00     $22,419.50

% of Total: 2.93%     % of Total: 2.83%

| 2040 | Dyer, Nicholas N. | ASSOCIATE | $285.00 | $285.00 | 146.90 | $41,866.50 |
| 5809 | Duncan, Dayna G. | ASSOCIATE | $335.00 | $335.00 | 12.50 | $4,187.50 |
| 9705 | Malik, Abdullah | ASSOCIATE | $395.00 | $395.00 | 9.90 | $3,910.50 |
| 9818 | White, Joanna A. | ASSOCIATE | $305.00 | $305.00 | 8.10 | $2,470.50 |
| 9779 | Loew, Lauren M. | ASSOCIATE | $315.00 | $315.00 | 7.70 | $2,425.50 |
| 2001 | Bechade, Serge O. | ASSOCIATE | $440.00 | $440.00 | 3.80 | $1,672.00 |
| 9439 | Rabil, W. Christopher | ASSOCIATE | $395.00 | $395.00 | 3.70 | $1,461.50 |
| 9773 | Knight, C. Victoria | ASSOCIATE | $310.00 | $310.00 | 3.40 | $1,054.00 |

No. of Billers for Position: 8     Blended Rate for Position: $301.27     196.00     $59,048.00

% of Total: 13.04%     % of Total: 7.45%

| INITIALS | NAME | POSITION | MINUMUM RATE | MAXIMUM RATE | HOURS COMPUTED | FEES COMPUTED |
|----------|------|----------|--------------|--------------|----------------|---------------|
| 9463 | Gallivan, Kathleen C. | PARALEGAL | $255.00 | $255.00 | 89.90 | $22,924.50 |
| KEHA | Hall, Katherine E. | PARALEGAL | $200.00 | $200.00 | 32.00 | $6,400.00 |
| 5958 | Sayer, Kristin L. | PARALEGAL | $215.00 | $215.00 | 29.60 | $6,364.00 |
| 6024 | Pionke, Erica I. | PARALEGAL | $160.00 | $160.00 | 31.10 | $4,976.00 |
| 5443 | Arca, Lesley R. | PARALEGAL | $95.00 | $95.00 | 44.80 | $4,256.00 |
| No. of Billers for Position: 5 | | Blended Rate for Position: | $197.54 | | 227.40 | $44,920.50 |
| | | | | % of Total: | 15.13% | % of Total: 5.67% |
| 6242 | Willoughby, Jeff E. | LIT SUPP SPEC | $240.00 | $240.00 | 4.80 | $1,152.00 |
| No. of Billers for Position: 1 | | Blended Rate for Position: | $240.00 | | 4.80 | $1,152.00 |
| | | | | % of Total: | 0.32% | % of Total: 0.15% |
| Total No. of Billers: 27 | | Blended Rate for Report: | $527.42 | | 1,502.60 | $792,505.75 |

EXHIBIT I-1
ADMINISTRATIVE ACTIVITIES

Foley & Lardner LLP

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Appleby, K | 0.60 | 420.00 |
| Hall, K | 0.10 | 20.00 |
| Richman, M | 0.50 | 447.50 |
| Salzberg, M | 3.90 | 2,125.50 |
| | 5.10 | $3,013.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 5.10 | 3,013.00 |
| | 5.10 | $3,013.00 |

EXHIBIT I-1  PAGE 1 of 3

EXHIBIT I-1
ADMINISTRATIVE ACTIVITIES
Foley & Lardner LLP

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 12/08/08 Mon | Hall, K 29135473/141 | 0.10 | 0.10 | 20.00 | | F | 1 | *MATTER NAME: BANKRUPTCY* <br> EXCHANGE EMAILS REGARDING REVIEW OF INVOICE NARRATIVES. |
| 12/17/08 Wed | Salzberg, M 29135473/298 | 3.70 | 2.20 | 1,199.00 | 1.00 <br> 0.50 <br> 2.20 | F <br> F <br> F | 1 <br> 2 <br> 3 | *MATTER NAME: BANKRUPTCY* <br> DRAFT/REVISE SUPPLEMENTAL AFFIDAVIT FOR FILING ADDRESSING ISSUES RAISED BY COMMITTEE IN ITS LIMITED OBJECTION (1.0); <br> COMMUNICATE WITH M. NESTOR, M. RICHMAN, S. BURR REGARDING SUPPLEMENTAL DISCLOSURE AND INFORMATION NECESSARY FOR HEARING ON FOLEY RETENTION APPLICATION (.5); <br> REVIEW TIME DETAIL FOR PURPOSES OF FIRST MONTHLY FEE STATEMENT TO BE FILED BY FOLEY & LARDNER (2.2). |
| 12/18/08 Thu | Appleby, K 29135473/311 | 0.40 | 0.20 | 140.00 | 0.20 <br> 0.20 | F <br> F | 1 <br> 2 | *MATTER NAME: BANKRUPTCY* <br> TELECONFERENCE RE: FEES AND RETENTION (.2); <br> REVIEW TIME ENTRIES FOR FEE STATEMENT (.2). |
| 12/22/08 Mon | Richman, M 29135473/342 | 0.50 | 0.50 | 447.50 | | F | 1 | *MATTER NAME: BANKRUPTCY* <br> ATTENTION TO BILLING AND INVOICE ISSUES. |
| 01/05/09 Mon | Appleby, K 31001676/4 | 0.80 | 0.40 | 280.00 | 0.40 <br> 0.40 | F <br> F | 1 <br> 2 | *MATTER NAME: BANKRUPTCY* <br> REVIEW BILLS (.4); <br> RESPOND TO VARIOUS E-MAILS RE: BILLING (.4). |
| 01/07/09 Wed | Salzberg, M 31001676/30 | 1.50 | 1.20 | 654.00 | 1.20 <br> 0.30 <br> 0.20 <br> 0.20 | F <br> F <br> F <br> F | 1 <br> 2 <br> 3 <br> 4 | *MATTER NAME: BANKRUPTCY* <br> REVIEW TIME DETAIL FOR PURPOSES OF FILING SECOND MONTHLY FEE APPLICATION (1.2); <br> TELEPHONE CONFERENCE WITH L. THARPE REGARDING EXPANSION OF SERVICES TO BE RENDERED TO DEBTORS (.3); <br> DRAFT/REVISE MEMO TO N. NESTOR AND J. BARRY REGARDING SAME (.2); <br> COMMUNICATE WITH M. RICHMAN, S. BURR AND K. APPLEBY REGARDING SAME (.2). |
| 01/08/09 Thu | Salzberg, M 31001676/44 | 1.20 | 0.50 | 272.50 | 0.70 <br> 0.50 | F <br> F | 1 <br> 2 | *MATTER NAME: BANKRUPTCY* <br> CONTINUE TO PREPARE SECOND MONTHLY FEE APPLICATION FOR FILING (.7); <br> MULTIPLE COMMUNICATIONS WITH FOLEY TEAM REGARDING SAME AND REGARDING REVIEW OF TIME DETAIL (.5). |

Total | | | 5.10 | $3,013.00

Number of Entries: 7

EXHIBIT I-1

ADMINISTRATIVE ACTIVITIES

Foley & Lardner LLP

## SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Appleby, K | 0.60 | 420.00 |
| Hall, K | 0.10 | 20.00 |
| Richman, M | 0.50 | 447.50 |
| Salzberg, M | 3.90 | 2,125.50 |
| | 5.10 | $3,013.00 |

## SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 5.10 | 3,013.00 |
| | 5.10 | $3,013.00 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS

F      FINAL BILL

EXHIBIT I-1  PAGE 3 of 3

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Appleby, K | 0.50 | 350.00 |
| Dyer, N | 34.90 | 9,946.50 |
| | 35.40 | $10,296.50 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 35.40 | 10,296.50 |
| | 35.40 | $10,296.50 |

EXHIBIT I-2  PAGE 1 of 4

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|---|---|---|---|---|---|---|---|---|
| 11/10/08 Mon | Dyer, N 29131097/2 | 2.80 | 2.50 | 712.50 | 0.50 0.30 2.00 | F F F | 1 2 3 | MATTER NAME: BANKRUPTCY COMPILE LIST OF CLEARED CONNECTIONS FOR K. APPLEBY (.5); CONFERENCE WITH K. APPLEBY REGARDING CHECKS, RECEIVE INSTRUCTIONS TO SUPPLEMENT PENDING MATTERS WITH STATUS UPDATES FOR EACH CLIENT/PARTNER INVOLVED (.3); GENERATE SUMMARIES OF RESPONSES RECEIVED FOR EACH CLIENT/PARTNER (2.0) |
| 11/11/08 Tue | Dyer, N 29131097/33 | 3.00 | 3.00 | 855.00 | 0.30 2.70 | F F | 1 2 | MATTER NAME: BANKRUPTCY TELECONFERENCE WITH K. HALL RE BANKRUPTCY CONFLICTS FILING REQUIREMENTS AND NEW DEVELOPMENTS WITH CONNECTIONS (.3); COMPLETE COMPILATION OF UPDATED STATUS REPORT ON EACH REMAINING OUTSTANDING CONFLICT MATTER/PARTNER, SUBMIT SAME TO K. APPLEBY (2.7). |
| 11/13/08 Thu | Dyer, N 29131097/66 | 4.00 | 2.00 | 570.00 | 2.00 1.00 0.50 0.50 | F F F F | 1 2 3 4 | MATTER NAME: BANKRUPTCY GATHER AND PREPARE CONNECTION REPORTS RELATED TO DBSI AS DEBTOR AND RELATED DBSI INVESTORS, OFFICERS, AND DIRECTORS (2.0); TELECONFERENCE WITH K. HALL AND K. APPLEBY RE CONNECTIONS TO BE INCLUDED IN THE BANKRUPTCY CHART, DISCUSS INDIVIDUAL CONNECTIONS RESULTS AND APPLICABILITY (1.0); EMAIL CORRESPONDENCE BETWEEN MYSELF, K. APPLEBY, AND K. HALL RE: SAME (.5); WRITE AND SUBMIT CONNECTION CHART DESIGNED FOR BANKRUPTCY RETENTION APPLICATION (.5). |
| 11/17/08 Mon | Dyer, N 29131097/132 | 0.30 | 0.30 | 85.50 | 0.20 0.10 | F F | 1 2 | MATTER NAME: BANKRUPTCY CONFIRM CONNECTION WITH J. BIERMAN (.2); UPDATE K. APPLEBY RE ONGOING CONNECTIONS CHECK STATUS (.1). |
| 11/18/08 Tue | Dyer, N 29131097/170 | 2.10 | 2.10 | 598.50 | 2.10 | F | 1 | MATTER NAME: BANKRUPTCY CONDUCT CONNECTIONS REVIEW ON TIC INVESTORS. (2.1) |
| 11/19/08 Wed | Dyer, N 29131097/210 | 1.20 | 1.20 | 342.00 | | F | 1 | MATTER NAME: BANKRUPTCY REVIEW AND INCORPORATE NEWEST INVESTOR CONNECTIONS REPORTS AND CLEAR SAME WITH K. APPLEBY. |
| 11/20/08 Thu | Dyer, N 29131097/238 | 7.00 | 7.00 | 1,995.00 | | F | 1 | MATTER NAME: BANKRUPTCY PREPARE CONNECTIONS REPORTS AND RESOLUTIONS. |
| 11/21/08 Fri | Dyer, N 29131097/265 | 1.30 | 1.30 | 370.50 | | F | 1 | MATTER NAME: BANKRUPTCY DETAILED REVIEW OF CONNECTIONS ON TOP 50 INVESTORS. |
| 11/24/08 Mon | Dyer, N 29131097/305 | 3.40 | 3.40 | 969.00 | | F | 1 | MATTER NAME: BANKRUPTCY CONDUCT CONNECTION REVIEW RE: DBSI INVESTORS. |
| 11/25/08 Tue | Dyer, N 29131097/344 | 3.20 | 3.20 | 912.00 | | F | 1 | MATTER NAME: BANKRUPTCY CONDUCT CONNECTIONS REVIEW RE: INVESTORS. |
| 11/26/08 Wed | Dyer, N 29131097/378 | 6.50 | 6.50 | 1,852.50 | | F | 1 | MATTER NAME: BANKRUPTCY COMPLETED REVIEWING INVESTOR CONNECTION CHECKS. |

~  See the last page of exhibit for explanation

EXHIBIT I-2  PAGE 2 of 4

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|----------------|-------------|-------|------|------------|---|---|-------------|
| | | | | | | | | MATTER NAME: BANKRUPTCY |
| 12/03/08 Wed | Dyer, N 29135473/73 | 1.80 | 1.80 | 513.00 | | F | 1 | REVIEW LIST OF LENDERS AND SERVICERS FOR ONGOING POSSIBLE CONNECTIONS AND IDENTIFY SAME FOR K. APPLEBY IN ORDER TO ENSURE COMPLIANCE WITH PROFESSIONAL RESPONSIBILITY OBLIGATIONS. |
| | | | | | | | | MATTER NAME: BANKRUPTCY |
| 12/12/08 Fri | Dyer, N 29135473/240 | 2.10 | 0.60 | 171.00 | 1.00 | F | 1 | PREPARE FOLEY INVOICE AND REDACT PRIVILEGED CONTENT (1.0); |
| | | | | | 0.20 | F | 2 | TELECONFERENCE WITH K. HALL REGARDING PRIVILEGE REDACTIONS OF DBSI BILL (.2); |
| | | | | | 0.20 | F | 3 | CONFERENCE WITH K. APPLEBY REGARDING COURT SUBMISSIONS RELATED TO FIRM REPRESENTATION (.2); |
| | | | | | 0.60 | F | 4 | CONFIRM WITH INTERNAL RECORDS SUBMITTED FILINGS AND CONNECTION CONTROLS (.6); |
| | | | | | 0.10 | F | 5 | CONFERENCE WITH S. BURR AND K. APPLEBY REGARDING SAME (.1). |
| | | | | | | | | MATTER NAME: BANKRUPTCY |
| 01/28/09 Wed | Appleby, K 31001676/184 | 0.50 | 0.50 | 350.00 | 0.50 | F | 1 | ANALYSIS OF CONNECTION ISSUES (.5). |

|  |  |  |  |
|--|--|--|--|
| Total | | 35.40 | $10,296.50 |
| Number of Entries: | 14 | | |

SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Appleby, K | 0.50 | 350.00 |
| Dyer, N | 34.90 | 9,946.50 |
| | 35.40 | $10,296.50 |

SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 35.40 | 10,296.50 |
| | 35.40 | $10,296.50 |

(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL

EXHIBIT I-2  PAGE 4 of 4

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Arca, L | 0.30 | 28.50 |
| Gallivan, K | 0.40 | 102.00 |
| Hall, K | 0.10 | 20.00 |
| Pionke, E | 0.10 | 16.00 |
| Sayer, K | 0.30 | 64.50 |
| | 1.20 | $231.00 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 1.20 | 231.00 |
| | 1.20 | $231.00 |

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | TASK HOURS | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|------------|---|---|-------------|
| 11/25/08 Tue | Gallivan, K 29131097/360 | 5.10 | 0.40 | 102.00 | 1.50 3.20 0.40 | F F F | 1 2 3 | MATTER NAME: BANKRUPTCY NUMEROUS EMAIL AND TELEPHONE COMMUNICATIONS WITH DAVIS WRIGHT TREMAINE REGARDING NEW ENGAGEMENTS AND UPDATE LISTS (1.5); DOWNLOAD AND FORWARD PROPERTY RELATED AND LOAN DOCUMENTS (3.2); ORGANIZE FILES (.4) |
| 12/08/08 Mon | Arca, L 29135473/140 | 1.10 | 0.10 | 9.50 | 0.55 0.55 0.10 | A A F | 1 2 3 | MATTER NAME: BANKRUPTCY TELECONFERENCE WITH E. COREY, J. MANZI, K. APPLEBY, A. WARREN REGARDING STATUS OF DBSI / LENDER WAIVERS AND BEGIN PROJECT TO PREPARE WAIVERS FOR EXECUTION (1.1); OBTAIN PHONE NUMBERS OF LENDERS COUNSEL FOR E. COREY (.1). |
| 12/09/08 Tue | Arca, L 29135473/196 | 2.00 | 0.20 | 19.00 | 1.80 0.20 | F F | 1 2 | MATTER NAME: BANKRUPTCY PREPARE DBSI ADVERSE WAIVERS FOR E. COREY, M. BREUER AND J. MANZI TO SEND TO LENDER'S COUNSEL (1.8); RETRIEVE CONTACT INFORMATION OF THOSE TO BE CCED ON EACH LETTER FOR E. COREY (.2). |
| 12/17/08 Wed | Hall, K 29135473/299 | 0.50 | 0.10 | 20.00 | 0.10 0.20 0.20 | F F F | 1 2 3 | MATTER NAME: BANKRUPTCY LOCATE AND SEND RETENTION APPLICATION TO M. SALZBERG (.1); REVIEW OF EMAIL REGARDING SUPPLEMENTAL IN SUPPORT OF FOLEY'S RETENTION (.2); CONTINUE TO WORK ON NOVEMBER FEE STATEMENT (.2). |
| 01/12/09 Mon | Pionke, E 31001676/81 | 0.10 | 0.10 | 16.00 | | F | 1 | MATTER NAME: BANKRUPTCY CREATE FILES FOR CONNECTIONS CHECK AND LOAN ABSTRACTING. |
| 01/28/09 Wed | Sayer, K 31001676/189 | 1.00 | 0.30 | 64.50 | 0.50 0.20 0.30 | F F F | 1 2 3 | MATTER NAME: BANKRUPTCY CREATE SUMMARY OF ALL INVESTORS BIDDING ON PROPERTIES (.5); ATTACHED PROPERTY LISTS TO INDIVIDUAL SUMMARIES FOR QUICK REFERENCE (.2); SCAN AND FORWARD COPIES TO J. MANZI IN TAMPA, FL (.3). |
| | | | 1.20 | $231.00 | | | | |

Total
Number of Entries:        6

EXHIBIT J
CLERICAL ACTIVITIES
Foley & Lardner LLP


SUMMARY OF HOURS AND FEES BY INDIVIDUAL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Arca, L | 0.30 | 28.50 |
| Gallivan, K | 0.40 | 102.00 |
| Hall, K | 0.10 | 20.00 |
| Pionke, E | 0.10 | 16.00 |
| Sayer, K | 0.30 | 64.50 |
| | 1.20 | $231.00 |


SUMMARY OF HOURS AND FEES BY MATTER

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 1.20 | 231.00 |
| | 1.20 | $231.00 |


(-) REASONS FOR TASK HOUR ASSIGNMENTS

A      Task Hours Allocated By Fee Auditor

F      FINAL BILL

| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Burr, S | 23.07 | 10,002.33 |
| Manzi, J | 12.20 | 3,965.00 |
| Richman, M | 6.50 | 4,181.25 |
| | 41.77 | $18,148.58 |

| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 41.77 | 18,148.58 |
| | 41.77 | $18,148.58 |

| DATE | TIMEKEEPER NAME | ENTRY HOURS | HOURS | FEES | ~ | | DESCRIPTION |
|------|-----------------|-------------|-------|------|---|---|-------------|
| 11/12/08 Wed | Burr, S 29131097/65 | 12.60 | 12.60 | 4,662.00 | F | 1 | MATTER NAME: BANKRUPTCY<br>NON WORKING TRAVEL TO WILMINGTON, DELAWARE FOR COURT HEARING. |
| 11/21/08 Fri | Burr, S 29131097/299 | 11.90 | 3.97 | 2,935.33 | | 1<br>2<br>3 | MATTER NAME: BANKRUPTCY<br>WORKING TRAVEL TO,<br>PREPARATION FOR<br>AND ATTENDANCE AT U.S. TRUSTEE MEETING FOR FORMATION OF CREDITORS COMMITTEE AT REQUEST OF BANKRUPTCY COUNSEL. |
| 12/17/08 Wed | Richman, M 29135473/309 | 6.00 | 3.00 | 2,685.00 | | 1<br>2 | MATTER NAME: BANKRUPTCY<br>WORKING TRAVEL TO WILMINGTON<br>AND RELATED PREPARATIONS AT YCST FOR HEARING ON FOLEY RETENTION. |
| 12/17/08 Wed | Richman, M 29135473/310 | 3.50 | 3.50 | 1,496.25 | F | 1 | MATTER NAME: BANKRUPTCY<br>NON-WORKING TRAVEL RETURN FROM WILMINGTON TO NEW ROCHELLE. |
| 01/28/09 Wed | Burr, S 31001676/196 | 3.10 | 3.10 | 1,147.00 | F | 1 | MATTER NAME: BANKRUPTCY<br>NON-WORKING TRAVEL TO AUCTION. |
| 01/28/09 Wed | Manzi, J 31001676/195 | 5.60 | 5.60 | 1,820.00 | F | 1 | MATTER NAME: BANKRUPTCY<br>TRAVEL TO WILMINGTON FOR AUCTION. |
| 01/29/09 Thu | Burr, S 31001676/205 | 3.40 | 3.40 | 1,258.00 | F | 1 | MATTER NAME: BANKRUPTCY<br>NON WORKING TRAVEL. |
| 01/29/09 Thu | Manzi, J 31001676/206 | 6.60 | 6.60 | 2,145.00 | F | 1 | MATTER NAME: BANKRUPTCY<br>RETURN TO TAMPA. |

|  |  |  | 41.77 | $18,148.58 |
|---|---|---|---|---|

Total
Number of Entries:      8

EXHIBIT K
TRAVEL ENTRIES
Foley & Lardner LLP


SUMMARY OF HOURS AND FEES BY INDIVIDUAL


| TIMEKEEPER NAME | HOURS | FEES |
|---|---|---|
| Burr, S | 23.07 | 10,002.33 |
| Manzi, J | 12.20 | 3,965.00 |
| Richman, M | 6.50 | 4,181.25 |
| | 41.77 | $18,148.58 |


SUMMARY OF HOURS AND FEES BY MATTER


| MATTER NAME | HOURS | FEES |
|---|---|---|
| BANKRUPTCY | 41.77 | 18,148.58 |
| | 41.77 | $18,148.58 |


(-) REASONS FOR TASK HOUR ASSIGNMENTS
F        FINAL BILL

| DATE | INVOICE/ENTRY# | AMOUNT BILLED | DETAIL AMOUNT | EXHIBIT AMOUNT | DESCRIPTION |
|------|----------------|--------------:|--------------:|---------------:|-------------|
| 10/20/08 | 29135473/1 | 0.60 | | 0.60 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>6 COPIES.[COREY,ELIZABETH L.] |
| 10/28/08 | 29135473/39 | 3,409.54 | | 3,409.54 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>TRANSPORTATION / TRAVEL EXPENSES - - VENDOR: STEPHEN I. BURR-10/28/08-10/30/08 MEETING WITH CLIENTS IN BOISE, IDAHO/CAR RENTAL, TAXI, AIR FARE, LODGING, PHONE/FAX.[BURR,STEPHEN I.] |
| 11/03/08 | 29135473/2 | 5.87 | | 5.87 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>GENESYS TELECONFERENCING[BURR,STEPHEN I.] |
| 11/04/08 | 29135473/5 | 278.70 | | 278.70 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>ELECTRONIC LEGAL RESEARCH SERVICES - WESTLAW[BUCK,DOUGLAS S.] |
| 11/04/08 | 29135473/6 | 177.60 | | 177.60 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>ELECTRONIC LEGAL RESEARCH SERVICES - WESTLAW[HAYES,JENNIFER] |
| 11/04/08 | 29135473/4 | 13.89 | | 13.89 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>GENESYS TELECONFERENCING[BURR,STEPHEN I.] |
| 11/04/08 | 29135473/3 | 5.02 | | 5.02 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>GENESYS TELECONFERENCING[BURR,STEPHEN I.] |
| 11/05/08 | 29135473/7 | 726.86 | | 726.86 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>ELECTRONIC LEGAL RESEARCH SERVICES - WESTLAW[PETERSON,LARS A.] |
| 11/06/08 | 29135473/11 | 3.02 | | 3.02 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>GENESYS TELECONFERENCING[BURR,STEPHEN I.] |
| 11/06/08 | 29135473/8 | 5.06 | | 5.06 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>GENESYS TELECONFERENCING[BURR,STEPHEN I.] |
| 11/06/08 | 29135473/10 | 4.64 | | 4.64 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>GENESYS TELECONFERENCING[BURR,STEPHEN I.] |
| 11/06/08 | 29135473/9 | 4.47 | | 4.47 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>GENESYS TELECONFERENCING[BURR,STEPHEN I.] |
| 12/01/08 | 29131097/26 | 1,123.51 | | 1,123.51 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>TRANSPORTATION / TRAVEL EXPENSES - - VENDOR: ELIZABETH L. COREY ELC-TAXIS,AIR FARE,LODGING,10/19-20/08,BOISE ID,CLIENT MTG[COREY,ELIZABETH L.] |
| 12/01/08 | 29131097/27 | 10.93 | | 10.93 | *MATTER NAME: 086253-0172 - BANKRUPTCY*<br>MEALS - - VENDOR: ELIZABETH L. COREY ELC-MEALS,10/19-20/08,BOISE ID,CLIENT MTG[COREY,ELIZABETH L.] |
| | | $5,769.71 | | $5,769.71 | |