UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH
824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

December 10, 2009

L. Jason Cornell
Fox Rothschild, LLP
Citizens Bank Center
919 North Market Street, Suite 1300
Wilmington, DE 19899-2323

Terry C. Copple
Alex P. McLaughlin
Davison, Copple, Copple & Copple, LLP
Attorneys at Law
Washington Mutual Capitol Plaza
Suite 600
199 North Capitol Boulevard
P.O. Box 1583
Boise, Idaho 83701

**Re: DBSI, Inc., et al.
Case No. 08-12687 (PJW)**

Dear Counsel:

This is with respect to the two motions filed by Bank of the Cascades ("Bank"), requesting relief from the automatic stay and an authorization for a Rule 2004 examination.

On May 15, 2009, the Bank filed a motion for relief from the automatic stay ("Motion"), requesting an order to terminate the automatic stay for release of certain Master Leases. (Doc. # 3567.) The Bank alleges that DBSI Realty Corporation granted security

                                                                   2

interests in the leases to DBSI 2001C Funding Corporation, which assigned the security interests to the Bank.

Pursuant to the Court's request, the Bank filed a brief in support of its motions on October 20, 2009 (Doc. # 4566). That brief covers extensively the application of Idaho's Uniform Commercial Code to the perfection of the Bank's security interest in the leases.

The Motion filed by the Bank concerns security interests in real property. Therefore, before any other issues are addressed, it is necessary to determine the body of law which governs the recordation of such security interests. The Committee argues that the Bank erroneously relies on Chapter 9 of the Idaho Commercial Code, stating that "[Section 28-9-109(d)(11) of] the Idaho Commercial Code specifically excludes the creation of liens on real property and leases and rents thereunder." (Doc. #4598, p. 8.) The Committee points to Section 55-808 of the Idaho Code, which requires that instruments evidencing transfers of interest in real property must be recorded in the county in which the real property affected thereby is situated. Idaho Code Ann. § 55-808 (2009);(Doc. # 4598, p. 9.) The Committee only addresses Idaho law. However, it appears to me that the subject properties are located in at least nine different states: Georgia, Washington, Colorado, Idaho, Arizona, Nebraska, New Mexico, Texas, and North Carolina (Doc. # 4566, ex. C.) I assume that the statutory

3

provisions of each state govern the recordation requirements of security interests in real property located in that state.

If the security interests in the Master Leases were not properly recorded, then this Court will not lift the automatic stay and allow the Bank to pursue state law remedies. Therefore, I am requesting that the Bank file a response to the Committee's position that this matter is not governed by the Idaho Uniform Commercial Code.

Please respond within 20 days.

                                        Very truly yours,

                                        Peter J. Walsh

PJW:ipm

cc:   Donald J. Detweiler
      Sandra G.M. Selzer
      Dennis A. Meloro
      Michael H. Goldstein
      Nathan A. Schultz
      Adam M. Starr
      William R. Firth, III
      Geraldine E. Ponto