**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DBSI, INC., <u>et al.</u>[1], | Jointly Administered |
| Debtors. | Case Nos.   08-12687 (PJW) |
| | **Ref. Docket No. 5509** |

**DECLARATION OF MATTHEW R. MCKINLAY IN SUPPORT OF
MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY OF AN ORDER (I)
APPROVING SETTLEMENT AGREEMENT, AND(II) DISMISSING THE
<u>CHAPTER 11 CASE OF DBSI 2008 LAND OPTION FUND LLC</u>**

Matthew R. McKinlay declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury as follows:

1.        I am employed as a Director of Finance and Accounting for DBSI, Inc.  In that capacity I have personal knowledge of the financial affairs of DBSI 2008 Land Option Fund LLC ("2008 LOF"), including its assets and liabilities.  I make this declaration in support of the Motion of the Chapter 11 Trustee for Entry of an Order (i) Approving Settlement Agreement, and (ii) Dismissing the Chapter 11 Case of DBSI 2008 Land Option Fund LLC.

2.        Attached hereto as <u>Exhibit A</u>, is a copy of the Articles of Organization of DBSI Land Option Fund LLC dated June 13, 2008.

---

[1] The last four digits of DBSI Inc.'s federal tax identification number are 5037.  The mailing address for DBSI Inc. is 12426 West Explorer Drive, Suite 220, Boise, Idaho 83713.  Due to the large number of Debtors in these jointly administered cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers and their addresses is not provided herein.  A complete list of such information may be obtained by contacting the counsel for the Chapter 11 Trustee at rfitzgerald@gibbonslaw.com.

3.      Attached hereto as <u>Exhibit B</u>, is a copy of the Articles of Amendment to Articles of Organization dated July 11, 2008, by which DBSI Land Option Fund LLC changed its name to DBSI 2008 Land Option Fund LLC.

4.      Attached hereto as <u>Exhibit C</u>, is a copy of the cover page of the Private Placement Memorandum ("PPM") dated July 11, 2008, related to the sale of investor units in 2008 LOF.

5.      Attached hereto as <u>Exhibit D</u>, is a copy of the Schedule of Assets and Liabilities filed in support of 2008 LOF's bankruptcy petition, which indicates on Schedule A that 2008 LOF owned no real property [Docket No. 2355].

6.      Attached hereto as <u>Exhibit E</u>, is a copy of Schedule 3c to the Statement of Financial Affairs filed in support of 2008 LOF's bankruptcy petition, which indicates the commission and marketing costs associated with the sale of investor units in 2008 LOF [Docket No. 2357].

7.      Attached hereto as <u>Exhibit F</u>, is a copy of a Schedule of Cash Receipts and Disbursements for 2008 LOF for the period July 1, 2008 through November 10, 2008.

8.      Attached hereto as <u>Exhibit G</u>, is a copy of the bank statement for 2008 LOF for the period ending May 31, 2010, for account no. 129681014772, held by Key Bank indicating a current account balance of $4,332.824.75.


        I declare under penalty of perjury that the foregoing statements made by me are true and correct.

Dated:  June 7, 2010                          /s/ Matthew R. McKinlay
        Boise, Idaho                          Matthew R. McKinlay

#1520870 v1
109401-67166



Exhibit A

251



# ARTICLES OF ORGANIZATION
# LIMITED LIABILITY COMPANY

(Instructions on back of application)

**FILED EFFECTIVE**

2008 JUN 13  PM 3:57

SECRETARY OF STATE
STATE OF IDAHO

1.  The name of the limited liability company is:

    DBSI Land Option Fund LLC

2.  The street address of the initial registered office is:

    1550 South Tech Lane, Meridian ID 83642

    and the name of the initial registered agent at the above address is:

    Douglas L. Swenson

3.  The mailing address for future correspondence is:

    12426 W EXPLORER DR STE 100, Boise, ID 83713

4.  The limited liability company will be:

    Manager-managed  [✓]  or Member-managed  [ ]    (please check the appropriate box)

5.  If manager-managed, list the name(s) and address(es) of at least one initial manager.
    If member-managed, list the name(s) and address(es) of at least one initial member.

    | Name | Address |
    | --- | --- |
    | DBSI Asset Management LLC | 1550 South Tech Lane, Meridian ID 83642 |

6.  Signature of at least one person responsible for forming the limited liability company:

    Signature: _____

    Typed Name:  Jeremy Swenson

    Capacity: Organizer

    Signature _____

    Typed Name: _____

    Capacity: _____

Secretary of State use only

g:\copylaforms\LLC forms\landorganization.pmd
Revised 05/2007

IDAHO SECRETARY OF STATE
06/13/2008  05:00
CK: NONE  CT: 187066  BH: 1119734
1 @ 100.00 = 100.00  ORGAN LLC # 2
1 @ 20.00 = 20.00  EXPEDITE C # 3

W 75162

# Exhibit B

**FILED EFFECTIVE**

254

# ARTICLES OF AMENDMENT TO 2008 JUL 11 AM 8:54
# ARTICLES OF ORGANIZATION ᴊECRETARY OF STATE
# LIMITED LIABILITY COMPANY STATE OF IDAHO

(Instructions on back of application)

1. The name of the limited liability company is:

DBSI Land Option Fund LLC

If the LLC has been administratively dissolved and the name is no
longer available for use, #3 below must include an amendment of name.

2. The date the articles of organization were filed was: _____ June 13, 2008 _____

## COMPLETE ONLY THE APPLICABLE ITEMS

3. The name of the limited liability company is amended to read:

DBSI 2008 Land Option Fund LLC

4. The management of the limited liability company shall henceforth be vested in:
   ☐ Manager(s)    ☐ Members

5. The information on the managers/members shall be amended as follows:

| Name | Address | Add | Delete | Other |
|---|---|---|---|---|
| | | ☐ | ☐ | |
| | | ☐ | ☐ | |
| | | ☐ | ☐ | |
| | | ☐ | ☐ | |
| | | ☐ | ☐ | |

6. Signature of at least one manager, if any, or at least one member.

Signature: _____

Typed Name: Jeremy Swenson

Capacity: Organizer

Signature: _____

Typed Name: _____

Capacity: _____

Secretary of State use only

```
IDAHO SECRETARY OF STATE
07/11/2008 05:00
CK: 130855 CT: 172099 BH: 1126552
1 @ 30.00 = 30.00 ORGAN AMEN # 2
1 @ 20.00 = 20.00 EXPEDITE C # 3
```

W75162



Exhibit C

**Confidential Private Placement Memorandum**
**Dated July 11, 2008**

**DBSI 2008 LAND OPTION FUND LLC**

Minimum Investment: $50,000
Maximum Offering Amount: $25,000,000[1]
LIMITED LIABILITY COMPANY INVESTOR UNITS
_____

    **DBSI 2008 LAND OPTION FUND LLC,** (the "Company") is an Idaho limited liability company organized to raise equity to fund diversified, opportunistic acquisitions of residential, commercial, and/or industrial use land banking parcels (each individual property is referred to herein as "Land Parcel" and collectively as "Land Parcels"). The focus will be on unimproved, entitled, or zoned residential land and finished lots located in high growth areas or areas located within the path of development, capitalizing on current market conditions.  The Company's objective is to acquire these Land Parcels and enter into an Option Agreement with DBSI Development Services LLC ("DBSI Development" also referred to as the "Option Holder").  DBSI Development will pay an annual Option Payment for the option right to purchase the Land Parcels.  If an option is exercised, DBSI Development will purchase the Land Parcel at the predetermined price, which combined with the annual Option Payments, will provide a 10% average annual return on Investors' Outstanding Capital Contribution that was invested in the Land Parcel.  Capitalized terms used in this Memorandum have the meaning set forth in the section entitled "Glossary."

    The Company will have two classes of Units, Investor Units and Voting Units. Investor Unit holders will be able to participate in the profits and losses of the Company.  The Company is offering Investor Units to prospective Investors pursuant to this Memorandum.  Investors who purchase Investor Units will become Members of the Company once admitted.  DBSI Asset Management LLC, an Affiliate of the Company will own all of the Voting Units and manage the Company.  Voting Unit holders will only be allowed to participate in the management of the Company and will not share in any profits or losses.

    The Company will use the proceeds from the sale of the Investor Units to provide capital for the acquisition of the Land Parcels.  Each Land Parcel will be subject to an Option Agreement whereby the Option Holder will make Option Payments to the Company.  The Company expects to make quarterly distributions to the Investor Unit holders, equal to a 7% annual return on the Investors' Outstanding Capital Contribution. If the options are exercised, funds will be distributed to Investor Unit holders according to the Operating Agreement. If the option expires, the Land Parcel may be offered for sale to a third-party or Affiliate and the proceeds distributed according to the Operating Agreement.  The Company will hold its interest in the Land Parcels in separate single-member limited liability companies.  Use of a single-member limited liability company owned solely by a single person or entity should not adversely affect the Company's proposed tax status and may help to limit the Company's liability associated with the Land Parcels.  See "Business Plan."

    The Land Parcels will be acquired by DBSI, Inc. ("DBSI") or an Affiliate and sold to the Company.  The Company's Acquisition Price of each Land Parcel will include the cost of the Land Parcel, a substantial acquisition premium to the Manager, non-accountable reserves for property taxes, and other ongoing costs incurred by the Manager or an Affiliate in the acquisition of the Land Parcel. The carrying costs may increase since the Manager will continue to incur interest related to the Land Parcel until sufficient capital has been raised to acquire the Land Parcel. The Company has provided an estimated Acquisition Price for each of the potential Land Parcels identified in the "Potential Land Parcels" section.

    **The securities offered by this Memorandum have not been registered under the Securities Act or the securities laws of any states, and are being offered and sold in reliance on exemption from the registration requirements of the Securities Act and such state laws.  The securities offered have not been approved or disapproved by the Securities and Exchange Commission, any state securities commission or other regulatory authority, nor have any of the foregoing authorities passed upon or endorsed the merits of this Offering or the accuracy or adequacy of this Memorandum.  Any representation to the contrary is unlawful.**

_____

[1] Subject to increase to $35,000,000 at the sole and absolute discretion of the Company. There is no minimum Offering amount.



Exhibit D

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:

DBSI, INC., *et al.*,[1]

                    Debtors.

Chapter 11

Case No. 08-12687 (PJW)

Jointly Administered

## SCHEDULES OF ASSETS AND LIABILITIES

---

[1] The last four digits of DBSI Inc.'s federal tax identification number are 5037. The mailing address for DBSI Inc. is 12426 West Explorer Drive, Suite 220, Boise, Idaho 83713. Due to the large number of Debtors in these jointly administered cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers and their addresses is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.kccllc.net/dbsi, or by contacting the proposed undersigned counsel for the Debtors.

067799.1001

0812687090306000000000037

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DBSI, INC., *et al.*,[1] | ) | Case No. 08-12687 (PJW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS

     The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and SOFAs") filed by DBSI Inc. ("DBSI"), and its affiliated debtors and debtors in possession (collectively, the "Debtors"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management and are unaudited. In preparing the Schedules and SOFAs, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. While those members of management responsible for the preparation of the Schedules and SOFAs have made a reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and SOFAs that may warrant amendment of the same. Moreover, because the Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and SOFAs are complete or accurate. These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules and SOFAs (the "Global Notes") comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.

---

[1] The last four digits of DBSI Inc.'s federal tax identification number are 5037. The mailing address for DBSI Inc. is 12426 West Explorer Drive, Suite 220, Boise, Idaho 83713. Due to the large number of Debtors in these jointly administered cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers and their addresses is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.kccllc.net/dbsi, or by contacting the proposed undersigned counsel for the Debtors.

1

1.     Case. On November 10, 2008 (the "Petition Date"),[2] each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.     Reporting Date. Financial information, for those Debtors that filed on November 10, 2008, is provided as of October 31, 2008, unless otherwise indicated. Financial information, for those Debtors that filed during the Month of December, 2008, is provided as of November 30, 2008, unless otherwise indicated. Financial information, for those Debtors that filed during the month of January, 2009, is provided as of December 31, 2008, unless otherwise indicated.

3.     Amendments. The Debtors reserve their rights to amend the Schedules and SOFAs in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and SOFAs as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

4.     Estimates and Assumptions. The preparation of the Schedules and SOFAs requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and SOFAs and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

5.     Unknown Amounts. Some of the scheduled liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown." Accordingly, the Schedules and the SOFAs do not accurately reflect the aggregate amount of the Debtors' liabilities.

6.     Pre-petition v. Post-Petition. The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information from research that was conducted with the preparation of these Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

7.     GAAP. Given the difference between the information requested in the Schedules and SOFAs, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and SOFAs do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

---

[2]  While the majority of the Debtors filed voluntary petitions on November 10, 2008, some of the Debtors filed voluntary petitions on November 6, 2008, December 12, 2008, January 6, 2009, January 9, 2009, January 26, 2009, January 28, 2009 or February 9, 2009.

DB02:7835697.2                                             067799.1001

8.   Asset Values. It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests. Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, net book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

9.   Intercompany Transfers. Because of the Debtors' consolidated cash management system, certain of the information set forth in the Schedules and SOFAs may not accurately reflect payments by an affiliated Debtor on behalf of another Debtor.

10.   Challenge of Liens. Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or to challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or to challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The description provided on Schedule D is intended only to be a summary.

11.   Setoff or Recoupment Rights. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights. Such counterparties have been listed on Schedule F.

12.   First-Day Orders. Pursuant to various orders issued by the Court, the Debtors were authorized to pay certain outstanding pre-petition claims, including, without limitation, claims relating to employee compensation, benefits, reimbursable business expenses, certain taxing authorities and related administrative costs. However, the claims listed in the Schedules and SOFAs may not reflect amounts paid pursuant to these various First Day Orders as they were unpaid as of the Petition Date. Moreover, to the extent such a claim is listed on the Schedules and SOFAs, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and SOFAs or subsequently object to such claims.

13.   Ordinary Course of Business. In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other matters, materials ordered and paid for may not be delivered, materials delivered are damaged or unusable, and vendors provide volume rebates and cash discounts. Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records, which may reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits and allowances.

14.   Executory Contracts and Unexpired Leases. While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of

067799.1001

their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

15. _Causes of Action_. The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and SOFAs. However, the Debtors reserve all of their causes of action. Neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such cause of action. Furthermore, nothing contained in the Schedules and SOFAs shall constitute a waiver of rights with these Chapter 11 cases, equitable subordination, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

16. _Insiders_. In the circumstances where the Schedules and SOFAs require information regarding insiders and/or officers and directors, included therein are each of the Debtors' (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control). The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

DB02:7835697.2

067799.1001

17. <u>Disputed, Contingent and/or Unliquidated Claims</u>. Schedules D, E, and F permit the Debtors to designate a claim as disputed, contingent, and/or unliquidated. A failure to designate a claim on any of these Schedules and SOFAs as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and SOFAs as to amount, liability, or status.

18. <u>Summary of Significant "SOFA" Issues</u>. The following conventions were adopted by the Debtors in preparation of the SOFAs:

    a. <u>LeaseCo[3] Debtor Conventions</u>.

        i. <u>SOFA 3C</u>. Each of the LeaseCo Debtor entities' bank accounts were set up as zero balance accounts tied to a master sweep account. At the end of each business day, any excess cash in these accounts was swept to a DBSI master account. Any shortfalls in these accounts received a transfer from the DBSI master account. This SOFA shows all transfers to and from DBSI.

        ii. <u>SOFA 4A, 4B, 17A, 17B, and 17C</u>. Any lawsuits or environmental notices at any of the MasterLease properties are listed on the SOFA of the LeaseCo Debtor entity that is the master tenant of the property even if the LeaseCo Debtor entity was not specifically mentioned in the lawsuit or environmental notice.

        iii. <u>SOFA 9</u>. Any payments related to debt counseling or bankruptcy will be listed on the SOFA for DBSI and DBSI Securities.

        iv. <u>SOFA 11</u>. All closed financial accounts will be listed on the SOFA for DBSI.

        v. <u>SOFA 13</u>. All setoffs will be listed on the SOFA for DBSI.

        vi. <u>SOFA 19A</u>. Only the accounting supervisors who maintained books within the two years prior to the Petition Date were reported on SOFA 19A. SOFA 19A does not include the numerous staff members who were under the supervision of these individuals.

        vii. <u>SOFA 19D</u>. Due to the large number of requests, it is difficult and cost-prohibitive for the Debtors to ascertain which parties received financial statements for each of the Debtor LeaseCo entities. However, it should be noted that all investors (and some investor advisors) related to a Debtor LeaseCo entity received quarterly

---

[3] The list of 121 Debtor LeaseCo entities is set forth on the schedule annexed hereto as <u>Exhibit A</u>. To the extent there is a discrepancy between the entities listed on <u>Exhibit A</u> and the actual filing of a voluntary petition, the filing or non-filing of a voluntary petition shall control.

operating statements for their property. Also, the lender for the property (if there is a loan) related to the Debtor LeaseCo entity is entitled to and most likely received periodic financial statements relating to property operations.

    viii.   <u>SOFA 24</u>.  Many of the Debtor LeaseCo entities are LLCs that elected to be taxed as a partnership and to pass through all income/loss to its parent – in most instances, DBSI – under Subchapter S of the Internal Revenue Code of 1986, as amended.

b.   <u>Bond or Note Debtor Conventions</u>.[4]

    i.   <u>SOFA 9</u>.  Any payments related to debt counseling or bankruptcy will be listed on the SOFA for DBSI and DBSI Securities.

    ii.   <u>SOFA 19A</u>.  Only the accounting supervisors who maintained books within the two years prior to the Petition Date were reported on SOFA 19A.  SOFA 19A does not include the numerous staff members who were under the supervision of these individuals.

    iii.   <u>SOFA 19D</u>.  Due to the large number of requests, it is difficult and cost-prohibitive for the Debtors to ascertain which parties received financial statements for each of the Bond or Note Debtors.  However, it should be noted that investors (and some investor advisors) received financial statements, upon request.

    iv.   <u>SOFA 24</u>.  All of the Bond or Note Debtor entities are S corporations that elected to be taxed as a partnership and to pass through all income/loss to its parent – in most instances, DBSI – under Subchapter S of the Internal Revenue Code of 1986, as amended.

c.   <u>Development Project Debtor Conventions</u>.

    i.   <u>General</u>.

       ⚬   All operating activity, assets, and liabilities for DBSI 121/Alma LLC, if any, will be reported on the SOFAs and Schedules of its parent, DBSI Land Development LLC.

       ⚬   DBSI Alma/121 Office Commons LLC did not have any operating activity and has no assets or liabilities. The debtor was established to purchase land for office development, but never made any purchases.

---

[4]  The list of Debtor entities that are not LeaseCos is set forth on the schedule annexed hereto as <u>Exhibit B</u>.  To the extent there is a discrepancy between the entities listed on <u>Exhibit B</u> and the actual filing of a voluntary petition, the filing or non-filing of a voluntary petition shall control.

                       

ii. <u>SOFA 9</u>. Any payments related to debt counseling or bankruptcy will be listed on the SOFA for DBSI and DBSI Securities.

iii. <u>SOFA 19A</u>. Only the accounting supervisors who maintained books within the two years prior to the Petition Date were reported on SOFA 19A. SOFA 19A does not include the numerous staff members who were under the supervision of these individuals.

iv. <u>SOFA 19D</u>. Due to the large number of requests, it is difficult and cost-prohibitive for the Debtors to ascertain which parties received financial statements for each of the Development Project Debtors. However, it should be noted that all investors (and some investor advisors) related to the funds that own each Development Project Debtor received quarterly financial statements of the fund. Such fund financial statements would have included operating information of the Development Project Debtor. This Global Note does not apply to DBSI 121/Alma LLC or DBSI Alma/121 Office Commons LLC.

d. <u>Corporate Debtor Conventions</u>

i. To be provided at time of filing.

e. <u>Acquisition Debtor Conventions</u>

i. To be provided at time of filing.

19. <u>Summary of Significant "Schedule" Issues</u>. The following conventions were adopted by the Debtors in preparation of the Schedules:

a. <u>LeaseCo Debtor Conventions</u>

i. <u>Schedule B</u>. All petty cash, operating bank accounts, lender-held reserves, and deposits will be shown on the Schedules of DBSI.

ii. <u>Schedule F</u>. Accountable reserves and unpaid rent have been allocated to the tenant-in-common owners based upon ownership percentages.

iii. <u>Schedule G</u>.

- Each tenant-in-common property consists of numerous vendor service contracts. Many of these contracts do not involve the LeaseCo Debtor entity but rather are directly between the third-party property manager and the vendor. Regardless of this fact, Schedule G for each LeaseCo Debtor entity contains a listing of all known vendor service contracts.

- All subtenant leases at any of the tenant-in-common properties are listed on the Schedule of the LeaseCo Debtor entity that is the master tenant of the property.

iv. <u>Schedule H.</u> Pursuant to its guarantee of the property-related master lease, DBSI will be listed as a co-debtor with regard to the claims of the tenant-in-common creditors.

b. <u>Bond or Note Debtor Conventions</u>

i. <u>Schedule H.</u> Pursuant to its guarantee of the Bond or Note Debtors' obligations to their respective bond or note holders, DBSI will be listed as a co-debtor with regard to the claims of the bond or note holders.

c. <u>Development Project Debtor Conventions</u>.

i. <u>General</u>.

- All operating activity, assets, and liabilities for DBSI 121/Alma LLC, if any, will be reported on the SOFAs and Schedules of its parent, DBSI Land Development LLC.

- DBSI Alma/121 Office Commons LLC did not have any operating activity and has no assets or liabilities. The debtor was established to purchase land for office development, but never made any purchases.

d. <u>Corporate Debtor Conventions</u>

i. To be provided at time of filing.

e. <u>Acquisition Debtor Conventions</u>

i. To be provided at time of filing.

DB02:7835697.2

067799.1001

# EXHIBIT A

DBSI South 75 Center LeaseCo LLC
DBSI 14001 Weston Parkway LeaseCo LLC
DBSI CP Ironwood LeaseCo LLC
DBSI Lake Ellenor LeaseCo LLC
DBSI 12 South Place LeaseCo LLC
DBSI 13000 Weston Parkway LeaseCo LLC
DBSI 2nd Street Quad LeaseCo LLC
DBSI 700 Locust LeaseCo LLC
DBSI Abbotts Bridge LeaseCo LLC
DBSI Allison Pointe LeaseCo LLC
DBSI Amarillo Apartments LeaseCo LLC
DBSI Anna Plaza LeaseCo LLC
DBSI Arlington Town Square LeaseCo LLC
DBSI Arrowhead LeaseCo LLC
DBSI Avenues North Center LeaseCo LLC
DBSI Bandera Trails LeaseCo LLC
DBSI Battlefield Station LeaseCo LLC
DBSI Belton Town Center LeaseCo LLC
DBSI Breckinridge LeaseCo LLC
DBSI Brendan Way LeaseCo LLC
DBSI Brookfield Pelham LeaseCo LLC
DBSI Cambridge Place LeaseCo LLC
DBSI Carolina Commons LeaseCo LLC
DBSI Cedar East and Cypress LeaseCo LLC
DBSI Clear Creek Square LeaseCo LLC
DBSI Corporate Woods LeaseCo LLC
DBSI CP Clearwater LeaseCo LLC
DBSI Cranberry LeaseCo LLC
DBSI Cross Pointe LeaseCo LLC
DBSI Crosstown Woods LeaseCo LLC
DBSI Daniel Burnham LeaseCo LLC
DBSI Decatur LeaseCo LLC
DBSI Eagles Landing LeaseCo LLC
DBSI Embassy Tower LeaseCo LLC
DBSI Executive Dr LeaseCo LLC
DBSI Executive Park LeaseCo LLC
DBSI Fairlane Green LeaseCo LLC
DBSI Fairway LeaseCo LLC
DBSI Florissant Market Place LeaseCo LLC
DBSI Gadd Crossing LeaseCo LLC
DBSI Ghent Road LeaseCo LLC
DBSI Grant Street Portfolio LeaseCo LLC
DBSI Green Street Commons Leaseco LLC
DBSI Hampton LeaseCo LLC
DBSI Hickory Plaza LeaseCo LLC
DBSI Highlands & Southcreek LeaseCo LLC
DBSI Houston Levee Galleria LeaseCo LLC
DBSI Kemper Pointe LeaseCo LLC
DBSI Kenwood Center LeaseCo LLC
DBSI Keystone Commerce LeaseCo LLC
DBSI Lake Natoma LeaseCo LLC
DBSI Lamar LeaseCo LLC
DBSI Landmark Towers Leaseco LLC
DBSI Lifestyle Center LeaseCo LLC
DBSI Lincoln Park 10 LeaseCo LLC
DBSI Mansell Forest LeaseCo LLC
DBSI Mansell Place LeaseCo LLC
DBSI Master Leaseco, Inc.
DBSI Meadow Chase Apartments LeaseCo LLC
DBSI Megan Crossings LeaseCo LLC
DBSI Metropolitan Square LeaseCo LLC

DBSI Missouri LeaseCo LLC
DBSI Network LeaseCo LLC
DBSI North Logan Retail Center LeaseCo LLC
DBSI North Park LeaseCo LLC
DBSI North Stafford LeaseCo LLC
DBSI Northlite Commons II LeaseCo LLC
DBSI Northpark Ridgeland LeaseCo LLC
DBSI Northridge LeaseCo LLC
DBSI Oakwood Plaza LeaseCo LLC
DBSI Old National Town Center LeaseCo LLC
DBSI One Executive Center LeaseCo LLC
DBSI One Hanover LeaseCo LLC
DBSI Park Creek-Gainesville LeaseCo LLC
DBSI Parkway III LeaseCo LLC
DBSI Peachtree Corners Pavilion LeaseCo LLC
DBSI Phoenix Peak LeaseCo LLC
DBSI Pinehurst Square East LeaseCo LLC
DBSI Pinehurst Square West LeaseCo LLC
DBSI Plano Tech Center LeaseCo LLC
DBSI Portofino Tech Center LeaseCo LLC
DBSI Road 68 Retail Center LeaseCo LLC
DBSI Sam Houston Tech Center LeaseCo LLC
DBSI Sapphire Pointe LeaseCo LLC
DBSI Sherwood Plaza LeaseCo LLC
DBSI Shoppes at Misty Meadows LeaseCo LLC
DBSI Shoppes at Trammel LeaseCo LLC
DBSI Signature Place LeaseCo LLC
DBSI Silver Lakes Leaseco LLC
DBSI Southport Pavilion LeaseCo LLC
DBSI Spalding Triangle LeaseCo LLC
DBSI Spring Valley Road LeaseCo LLC
DBSI Springville Corner Leaseco LLC
DBSI ST Tower LeaseCo LLC
DBSI St. Andrews Place LeaseCo LLC
DBSI Stone Glen Village LeaseCo LLC
DBSI Stony Brook South LeaseCo LLC
DBSI Streetside at Towne Lake LeaseCo LLC
DBSI Topsham Fair Mall LeaseCo LLC
DBSI Torrey Chase LeaseCo LLC
DBSI Treasure Valley Business Center LeaseCo LLC
DBSI Trinity Ridge Business Center LeaseCo LLC
DBSI University Park LeaseCo LLC
DBSI Vantage Drive LeaseCo LLC
DBSI Watkins LeaseCo LLC
DBSI West Oaks Square LeaseCo LLC
DBSI Wilson Estates LeaseCo LLC
DBSI Winchester Office LeaseCo LLC
DBSI Windcom Court LeaseCo LLC
DBSI Wisdom Pointe LeaseCo LLC
DBSI Woodlands Medical Office I LeaseCo LLC
DBSI Woodside Center LeaseCo LLC
DBSI Draper LeaseCo LLC
DBSI Academy Park Loop LeaseCo LLC
DBSI Copperfield Timbercreek LeaseCo LLC
DBSI Corporate Center II LeaseCo LLC
DBSI Executive Plaza LeaseCo LLC
DBSI Northgate LeaseCo LLC
DBSI Two Notch Rd. LeaseCo LLC
DBSI Broadway Plaza LeaseCo LLC
DBSI Republic LeaseCo LLC

## EXHIBIT B

## Bond or Note Debtors

DBSI 2001A Funding Corporation
DBSI 2001B Funding Corporation
DBSI 2001C Funding Corporation
DBSI 2005 Secured Notes Corporation

DBSI 2006 Secured Notes Corporation
DBSI 2008 Notes Corporation
DBSI Guaranteed Capital Corporation
DBSI Real Estate Funding Corporation

## Development Project Debtors

DBSI 121/Alma Land L.P.
DBSI Cottonwood Plaza Development LLC
DBSI Draper Technology 21 LLC
DBSI Escala LLC
DBSI Flowood Plaza LLC
DBSI Lansdowne I LP
DBSI Lexington LLC

DBSI Lone Peak Parkway LLC

DBSI Meridian I84 LLC
DBSI One Hernando Center North LLC
DBSI Telecom Office LLC
DBSI 121/Alma LLC
DBSI Alma/121 Office Commons LLC

## Corporate Debtors

DBSI Asset Management LLC
DBSI Development Services LLC
DBSI Discovery Real Estate Services LLC
DBSI Inc.
DBSI Land Development LLC
DBSI Master Leaseco, Inc.
DBSI Properties Inc.

DBSI Realty Inc.
DBSI Securities Corporation
DBSI/Western Technologies LLC
DCJ Inc.
FOR 1031 LLC
Spectrus Real Estate Inc.

## Acquisition Debtors

Belton Town Center Acquisition LLC
DBSI Brookhollow One LLC
DBSI Shoppes at Trammel LLC
DBSI Surprise Farms LLC
Florissant Market Place Acquisition LLC

FOR 1031 Broadway Plaza LLC
FOR 1031 Brookhollow One LLC
One-Executive Tower LLC
South Cavanaugh LLC

067799.1001

# United States Bankruptcy Court

### District of Delaware

In re ___DBSI 2008 Land Option Fund LLC___,
Debtor

Case No. __08-12825__

Chapter __11__

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 0.00 | | |
| B - Personal Property | YES | 3 | $ 4,335,037.11 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 50,000.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 0.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 1 | | | $ 0.00 |
| TOTAL | | 14 | $ 4,335,037.11 | $ 50,000.00 | |

# United States Bankruptcy Court

### District of Delaware

In re  DBSI 2008 Land Option Fund LLC          ,
Debtor

Case No.   08-12825

Chapter   11

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR,** Form 22B Line 11; **OR,** Form 22C Line 20 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of I, 3, and 4) | | $ |

In re <u>DBSI 2008 Land Option Fund LLC</u>,                    Case No. <u>08-12825</u>
     **Debtor**                                                          **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Debtor has no legal, equitable, or future interest in any real property | | | | |
| | | Total▶ | 0.00 | |

(Report also on Summary of Schedules.)

In re   DBSI 2008 Land Option Fund LLC                    ,          Case No.  08-12825
_____                              _____
                    **Debtor**                                                  **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

       Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

       **Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other finan- cial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and home- stead associations, or credit unions, brokerage houses, or cooperatives. | | M&I Bank 770 North Water Street Milwaukee, WI 53202 XXXX7245 - operating account | | 4,335,037.11 |
| 3.  Security deposits with public util- ities, telephone companies, land- lords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photo- graphic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities.  Itemize and name each issuer. | X | | | |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1).  Give particulars. (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c).) | X | | | |

In re  DBSI 2008 Land Option Fund LLC                     ,          Case No.  08-12825
                  **Debtor**                                                                 **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A -- Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

In re   DBSI 2008 Land Option Fund LLC                    ,          Case No.   08-12825
                    **Debtor**                                                  (If known)

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_____ continuation sheets attached     Total▶    $         4,335,037.11

(Include amounts from any continuation sheets attached.  Report total also on Summary of Schedules.)

B 6C (Official Form 6C) (12/07)

In re  DBSI 2008 Land Option Fund LLC           ,          Case No.  08-12825
                    **Debtor**                                            (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                        $136,875.
☐  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| NONE | | | |

In re ___DBSI 2008 Land Option Fund LLC_____,    Case No. __08-12825_____
                    **Debtor**                                                        **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ ▶ | | | | | |
| _____ continuation sheets attached | | | Subtotal ▶ (Total of this page) | | | | $ | $ |
| | | | Total ▶ (Use only on last page) | | | | $ | $ |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

In re  DBSI 2008 Land Option Fund LLC    ,          Case No.  08-12825
                    **Debtor**                                            **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."      If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

In re   DBSI 2008 Land Option Fund LLC _____ ,     Case No._08-12825_____
                     **Debtor**                                                                        **(if known)**


☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐ **Deposits by individuals**

   Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).


☐ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).


☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).


\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.


_____ continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re  DBSI 2008 Land Option Fund LLC
_____,        Case No.  08-12825
                 Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>See attached sheet | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| | | | | Subtotal▶ | | | $ |
| _____continuation sheets attached | | | Total▶<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | $<br><br>50,000.00 |

| Schedules of Assets and Liabilities | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SOAL F | | | | | | | | | | | | | |
| Creditors Holding Unsecured Claims | | | | | | | | | | | | | |
| Debtor Name: | DBSI 2008 Land Option Fund LLC | | | | | | | | | | | | |
| Case Name: | DBSI Inc., et al. | | | | | | | | | | | | |
| Case Number: | 08-12687 | | | | | | | | | | | | |
| Balances as of 10/31/08 | | | | | | | | | | | | | |

| Creditor's Name | Creditor Notice Name | Address 1 | Address 2 | City | State | Zip | Date claim was incurred and consideration for claim | CoDebtor | Subject to setoffs Y/N | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| National Financial Services LLC | FBO Jake and Carol Rogers | 200 Liberty St | One World Financial Cntr | New York | NY | 10281 | 10/2/2008 - Refund of Equity Investment - Check was lost | | | | | | $50,000.00 |

In re  DBSI 2008 Land Option Fund LLC _____ ,        Case No. 08-12825 _____
              **Debtor**                                                      **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

In re   DBSI 2008 Land Option Fund LLC_____ ,        Case No.  08-12825_____
_____**Debtor**_____                                        **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

In re <u>DBSI 2008 Land Option Fund LLC</u>,                    Case No. <u>08-12825</u>
        **Debtor**                                                           (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| | $_____ | $_____ |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $_____ | $_____ |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | $_____ | $_____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $_____ | $_____ |
|    b. Insurance | $_____ | $_____ |
|    c. Union dues | $_____ | $_____ |
|    d. Other (Specify): _____ | $_____ | $_____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $_____ | $_____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $_____ | $_____ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $_____ | $_____ |
| 8. Income from real property | $_____ | $_____ |
| 9. Interest and dividends | $_____ | $_____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $_____ | $_____ |
| 11. Social security or government assistance (Specify): _____ | $_____ | $_____ |
| 12. Pension or retirement income | $_____ | $_____ |
| 13. Other monthly income (Specify): _____ | $_____ | $_____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $_____ | $_____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $_____ | $_____ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $_____ | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

_____

In re  DBSI 2008 Land Option Fund LLC          ,          Case No.  08-12825
                          **Debtor**                                                          **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☑  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

1. Rent or home mortgage payment (include lot rented for mobile home)                                                         $ _____
    a. Are real estate taxes included?   Yes _____   No _____
    b. Is property insurance included?   Yes _____   No _____
2. Utilities:  a. Electricity and heating fuel                                                                                          $ _____
          b. Water and sewer                                                                                                      $ _____
          c. Telephone                                                                                                               $ _____
          d. Other _____                                $ _____
3. Home maintenance (repairs and upkeep)                                                                                              $ _____
4. Food                                                                                                                                          $ _____
5. Clothing                                                                                                                                      $ _____
6. Laundry and dry cleaning                                                                                                                $ _____
7. Medical and dental expenses                                                                                                           $ _____
8. Transportation (not including car payments)                                                                                        $ _____
9. Recreation, clubs and entertainment, newspapers, magazines, etc.                                                          $ _____
10.Charitable contributions                                                                                                                   $ _____
11.Insurance (not deducted from wages or included in home mortgage payments)
      a. Homeowner's or renter's                                                                                            $ _____
      b. Life                                                                                                                          $ _____
      c. Health                                                                                                                       $ _____
      d. Auto                                                                                                                          $ _____
      e. Other _____                                        $ _____
12. Taxes (not deducted from wages or included in home mortgage payments)
(Specify) _____                                        $ _____
13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)
      a. Auto                                                                                                                          $ _____
      b. Other _____                                        $ _____
      c. Other _____                                        $ _____
14. Alimony, maintenance, and support paid to others                                                                              $ _____
15. Payments for support of additional dependents not living at your home                                                  $ _____
16. Regular expenses from operation of business, profession, or farm (attach detailed statement)                   $ _____
17. Other _____                                                                     $ _____
18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and,            $ _____
    if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)
19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:


20. STATEMENT OF MONTHLY NET INCOME
    a. Average monthly income from Line 15 of Schedule I                                                               $ _____
    b. Average monthly expenses from Line 18 above                                                                     $ _____
    c. Monthly net income (a. minus b.)                                                                                        $ _____

In re: <u>DBSI, INC., *et al.*</u>                    Case No.  <u>08-12687 (PJW)</u>
          DEBTORS

## <u>DECLARATION CONCERNING DEBTORS' SCHEDULES</u>

     I, Timothy D. Boates, the Chief Restructuring Officer of the debtors in these cases, declare under penalty of perjury that I have read the foregoing summary and schedules, and that they are true and accurate to the best of my knowledge, information and belief.

Date:   February 25, 2009
        Boise, ID

**Timothy D. Boates**
Chief Restructuring Officer
DBSI, Inc., *et al.*



Exhibit E

In re:

DBSI, INC., *et al.*,[1]

                                    Debtors.

Chapter 11

Case No. 08-12687 (PJW)

Jointly Administered

## STATEMENT OF FINANCIAL AFFAIRS

---

[1] The last four digits of DBSI Inc.'s federal tax identification number are 5037. The mailing address for DBSI Inc. is 12426 West Explorer Drive, Suite 220, Boise, Idaho 83713. Due to the large number of Debtors in these jointly administered cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers and their addresses is not provided herein. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.kccllc.net/dbsi, or by contacting the proposed undersigned counsel for the Debtors.

0812687090306000000000036

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DBSI, INC., *et al.*,[1] | ) | Case No. 08-12687 (PJW) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES AND STATEMENTS

The Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules and SOFAs") filed by DBSI Inc. ("DBSI"), and its affiliated debtors and debtors in possession (collectively, the "Debtors"), in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management and are unaudited. In preparing the Schedules and SOFAs, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. While those members of management responsible for the preparation of the Schedules and SOFAs have made a reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes in financial and other data contained in the Schedules and SOFAs that may warrant amendment of the same. Moreover, because the Schedules and SOFAs contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and SOFAs are complete or accurate. These Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding Debtors' Schedules and SOFAs (the "Global Notes") comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.

---

[1] The last four digits of DBSI Inc.'s federal tax identification number are 5037. The mailing address for DBSI Inc. is 12426 West Explorer Drive, Suite 220, Boise, Idaho 83713. Due to the large number of Debtors in these jointly administered cases, a complete list of the Debtors, the last four digits of their federal tax identification numbers and their addresses is not provided here. A complete list of such information may be obtained on the website of the Debtors' noticing and claims agent at www.kccllc.net/dbsi, or by contacting the proposed undersigned counsel for the Debtors.

1.  Case. On November 10, 2008 (the "Petition Date"),[2] each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

2.  Reporting Date. Financial information, for those Debtors that filed on November 10, 2008, is provided as of October 31, 2008, unless otherwise indicated. Financial information, for those Debtors that filed during the Month of December, 2008, is provided as of November 30, 2008, unless otherwise indicated. Financial information, for those Debtors that filed during the month of January, 2009, is provided as of December 31, 2008, unless otherwise indicated.

3.  Amendments. The Debtors reserve their rights to amend the Schedules and SOFAs in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and SOFAs as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

4.  Estimates and Assumptions. The preparation of the Schedules and SOFAs requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and SOFAs and the reported amounts of revenues and expenses during the reporting period. Actual results could differ from those estimates.

5.  Unknown Amounts. Some of the scheduled liabilities are unknown and unliquidated at this time. In such cases, the amounts are listed as "Unknown." Accordingly, the Schedules and the SOFAs do not accurately reflect the aggregate amount of the Debtors' liabilities.

6.  Pre-petition v. Post-Petition. The Debtors have sought to allocate liabilities between the pre-petition and post-petition periods based on the information from research that was conducted with the preparation of these Schedules and SOFAs. As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

7.  GAAP. Given the difference between the information requested in the Schedules and SOFAs, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and SOFAs do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

---

[2] While the majority of the Debtors filed voluntary petitions on November 10, 2008, some of the Debtors filed voluntary petitions on November 6, 2008, December 12, 2008, January 6, 2009, January 9, 2009, January 26, 2009, January 28, 2009 or February 9, 2009.

2

DB02:7835697.2                                                                                      067799.1001

8. **Asset Values.** It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests. Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, net book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule. As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.

9. **Intercompany Transfers.** Because of the Debtors' consolidated cash management system, certain of the information set forth in the Schedules and SOFAs may not accurately reflect payments by an affiliated Debtor on behalf of another Debtor.

10. **Challenge of Liens.** Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or to challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or to challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The description provided on Schedule D is intended only to be a summary.

11. **Setoff or Recoupment Rights.** The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights. Such counterparties have been listed on Schedule F.

12. **First-Day Orders.** Pursuant to various orders issued by the Court, the Debtors were authorized to pay certain outstanding pre-petition claims, including, without limitation, claims relating to employee compensation, benefits, reimbursable business expenses, certain taxing authorities and related administrative costs. However, the claims listed in the Schedules and SOFAs may not reflect amounts paid pursuant to these various First Day Orders as they were unpaid as of the Petition Date. Moreover, to the extent such a claim is listed on the Schedules and SOFAs, inadvertently or otherwise, the Debtors do not waive any right to amend the Schedules and SOFAs or subsequently object to such claims.

13. **Ordinary Course of Business.** In the ordinary course of their business, the Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other matters, materials ordered and paid for may not be delivered, materials delivered are damaged or unusable, and vendors provide volume rebates and cash discounts. Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records, which may reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights respecting such credits and allowances.

14. **Executory Contracts and Unexpired Leases.** While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of

DB02:7835697.2                    067799.1001

their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

15. <u>Causes of Action</u>. The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and SOFAs. However, the Debtors reserve all of their causes of action. Neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such cause of action. Furthermore, nothing contained in the Schedules and SOFAs shall constitute a waiver of rights with these Chapter 11 cases, equitable subordination, and/or causes of action arising under the provisions of Chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.

16. <u>Insiders</u>. In the circumstances where the Schedules and SOFAs require information regarding insiders and/or officers and directors, included therein are each of the Debtors' (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control). The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

4

17.    Disputed, Contingent and/or Unliquidated Claims.  Schedules D, E, and F permit
the Debtors to designate a claim as disputed, contingent, and/or unliquidated.  A failure to
designate a claim on any of these Schedules and SOFAs as disputed, contingent, and/or
unliquidated does not constitute an admission that such claim is not subject to objection.  The
Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these
Schedules and SOFAs as to amount, liability, or status.

18.    Summary of Significant "SOFA" Issues.  The following conventions were
adopted by the Debtors in preparation of the SOFAs:

a.    LeaseCo[3] Debtor Conventions.

i.    SOFA 3C.  Each of the LeaseCo Debtor entities' bank accounts were
set up as zero balance accounts tied to a master sweep account. At the
end of each business day, any excess cash in these accounts was swept
to a DBSI master account. Any shortfalls in these accounts received a
transfer from the DBSI master account.  This SOFA shows all
transfers to and from DBSI.

ii.    SOFA 4A, 4B, 17A, 17B, and 17C.  Any lawsuits or environmental
notices at any of the MasterLease properties are listed on the SOFA of
the LeaseCo Debtor entity that is the master tenant of the property
even if the LeaseCo Debtor entity was not specifically mentioned in
the lawsuit or environmental notice.

iii.    SOFA 9.  Any payments related to debt counseling or bankruptcy will
be listed on the SOFA for DBSI and DBSI Securities.

iv.    SOFA 11.  All closed financial accounts will be listed on the SOFA for
DBSI.

v.    SOFA 13.  All setoffs will be listed on the SOFA for DBSI.

vi.    SOFA 19A.  Only the accounting supervisors who maintained books
within the two years prior to the Petition Date were reported on SOFA
19A.  SOFA 19A does not include the numerous staff members who
were under the supervision of these individuals.

vii.    SOFA 19D.  Due to the large number of requests, it is difficult and
cost-prohibitive for the Debtors to ascertain which parties received
financial statements for each of the Debtor LeaseCo entities.
However, it should be noted that all investors (and some investor
advisors) related to a Debtor LeaseCo entity received quarterly

---

[3] The list of 121 Debtor LeaseCo entities is set forth on the schedule annexed hereto as Exhibit A.  To the extent
there is a discrepancy between the entities listed on Exhibit A and the actual filing of a voluntary petition, the filing
or non-filing of a voluntary petition shall control.

067799.1001

operating statements for their property. Also, the lender for the property (if there is a loan) related to the Debtor LeaseCo entity is entitled to and most likely received periodic financial statements relating to property operations.

viii. <u>SOFA 24</u>. Many of the Debtor LeaseCo entities are LLCs that elected to be taxed as a partnership and to pass through all income/loss to its parent – in most instances, DBSI – under Subchapter S of the Internal Revenue Code of 1986, as amended.

b. <u>Bond or Note Debtor Conventions.</u>[4]

i. <u>SOFA 9</u>. Any payments related to debt counseling or bankruptcy will be listed on the SOFA for DBSI and DBSI Securities.

ii. <u>SOFA 19A</u>. Only the accounting supervisors who maintained books within the two years prior to the Petition Date were reported on SOFA 19A. SOFA 19A does not include the numerous staff members who were under the supervision of these individuals.

iii. <u>SOFA 19D</u>. Due to the large number of requests, it is difficult and cost-prohibitive for the Debtors to ascertain which parties received financial statements for each of the Bond or Note Debtors. However, it should be noted that investors (and some investor advisors) received financial statements, upon request.

iv. <u>SOFA 24</u>. All of the Bond or Note Debtor entities are S corporations that elected to be taxed as a partnership and to pass through all income/loss to its parent – in most instances, DBSI – under Subchapter S of the Internal Revenue Code of 1986, as amended.

c. <u>Development Project Debtor Conventions.</u>

i. <u>General</u>.

- All operating activity, assets, and liabilities for DBSI 121/Alma LLC, if any, will be reported on the SOFAs and Schedules of its parent, DBSI Land Development LLC.

- DBSI Alma/121 Office Commons LLC did not have any operating activity and has no assets or liabilities. The debtor was established to purchase land for office development, but never made any purchases.

---

[4] The list of Debtor entities that are not LeaseCos is set forth on the schedule annexed hereto as <u>Exhibit B</u>. To the extent there is a discrepancy between the entities listed on <u>Exhibit B</u> and the actual filing of a voluntary petition, the filing or non-filing of a voluntary petition shall control.

ii.   **SOFA 9.**  Any payments related to debt counseling or bankruptcy will be listed on the SOFA for DBSI and DBSI Securities.

iii.  **SOFA 19A.**  Only the accounting supervisors who maintained books within the two years prior to the Petition Date were reported on SOFA 19A.  SOFA 19A does not include the numerous staff members who were under the supervision of these individuals.

iv.   **SOFA 19D.**  Due to the large number of requests, it is difficult and cost-prohibitive for the Debtors to ascertain which parties received financial statements for each of the Development Project Debtors. However, it should be noted that all investors (and some investor advisors) related to the funds that own each Development Project Debtor received quarterly financial statements of the fund. Such fund financial statements would have included operating information of the Development Project Debtor.  This Global Note does not apply to DBSI 121/Alma LLC or DBSI Alma/121 Office Commons LLC.

d.   Corporate Debtor Conventions

i.   To be provided at time of filing.

e.   Acquisition Debtor Conventions

i.   To be provided at time of filing.

19.   Summary of Significant "Schedule" Issues.  The following conventions were adopted by the Debtors in preparation of the Schedules:

a.   LeaseCo Debtor Conventions

i.   **Schedule B.**  All petty cash, operating bank accounts, lender-held reserves, and deposits will be shown on the Schedules of DBSI.

ii.   **Schedule F.**  Accountable reserves and unpaid rent have been allocated to the tenant-in-common owners based upon ownership percentages.

iii.  **Schedule G.**

- Each tenant-in-common property consists of numerous vendor service contracts.  Many of these contracts do not involve the LeaseCo Debtor entity but rather are directly between the third-party property manager and the vendor. Regardless of this fact, Schedule G for each LeaseCo Debtor entity contains a listing of all known vendor service contracts.

7

- All subtenant leases at any of the tenant-in-common properties are listed on the Schedule of the LeaseCo Debtor entity that is the master tenant of the property.

iv. <u>Schedule H.</u> Pursuant to its guarantee of the property-related master lease, DBSI will be listed as a co-debtor with regard to the claims of the tenant-in-common creditors.

b. <u>Bond or Note Debtor Conventions</u>

i. <u>Schedule H.</u> Pursuant to its guarantee of the Bond or Note Debtors' obligations to their respective bond or note holders, DBSI will be listed as a co-debtor with regard to the claims of the bond or note holders.

c. <u>Development Project Debtor Conventions.</u>

i. <u>General.</u>

- All operating activity, assets, and liabilities for DBSI 121/Alma LLC, if any, will be reported on the SOFAs and Schedules of its parent, DBSI Land Development LLC.

- DBSI Alma/121 Office Commons LLC did not have any operating activity and has no assets or liabilities. The debtor was established to purchase land for office development, but never made any purchases.

d. <u>Corporate Debtor Conventions</u>

i. To be provided at time of filing.

e. <u>Acquisition Debtor Conventions</u>

i. To be provided at time of filing.

DB02:7835697.2       067799.1001

# EXHIBIT A

DBSI South 75 Center LeaseCo LLC
DBSI 14001 Weston Parkway LeaseCo LLC
DBSI CP Ironwood LeaseCo LLC
DBSI Lake Ellenor LeaseCo LLC
DBSI 12 South Place LeaseCo LLC
DBSI 13000 Weston Parkway LeaseCo LLC
DBSI 2nd Street Quad LeaseCo LLC
DBSI 700 Locust LeaseCo LLC
DBSI Abbotts Bridge LeaseCo LLC
DBSI Allison Pointe LeaseCo LLC
DBSI Amarillo Apartments LeaseCo LLC
DBSI Anna Plaza LeaseCo LLC
DBSI Arlington Town Square LeaseCo LLC
DBSI Arrowhead LeaseCo LLC
DBSI Avenues North Center LeaseCo LLC
DBSI Bandera Trails LeaseCo LLC
DBSI Battlefield Station LeaseCo LLC
DBSI Belton Town Center LeaseCo LLC
DBSI Breckinridge LeaseCo LLC
DBSI Brendan Way LeaseCo LLC
DBSI Brookfield Pelham LeaseCo LLC
DBSI Cambridge Place LeaseCo LLC
DBSI Carolina Commons LeaseCo LLC
DBSI Cedar East and Cypress LeaseCo LLC
DBSI Clear Creek Square LeaseCo LLC
DBSI Corporate Woods LeaseCo LLC
DBSI CP Clearwater LeaseCo LLC
DBSI Cranberry LeaseCo LLC
DBSI Cross Pointe LeaseCo LLC
DBSI Crosstown Woods LeaseCo LLC
DBSI Daniel Burnham LeaseCo LLC
DBSI Decatur LeaseCo LLC
DBSI Eagles Landing LeaseCo LLC
DBSI Embassy Tower LeaseCo LLC
DBSI Executive Dr LeaseCo LLC
DBSI Executive Park LeaseCo LLC
DBSI Fairlane Green LeaseCo LLC
DBSI Fairway LeaseCo LLC
DBSI Florissant Market Place LeaseCo LLC
DBSI Gadd Crossing LeaseCo LLC
DBSI Ghent Road LeaseCo LLC
DBSI Grant Street Portfolio LeaseCo LLC
DBSI Green Street Commons Leaseco LLC
DBSI Hampton LeaseCo LLC
DBSI Hickory Plaza LeaseCo LLC
DBSI Highlands & Southcreek LeaseCo LLC
DBSI Houston Levee Galleria Leaseco LLC
DBSI Kemper Pointe LeaseCo LLC
DBSI Kenwood Center LeaseCo LLC
DBSI Keystone Commerce LeaseCo LLC
DBSI Lake Natoma LeaseCo LLC
DBSI Lamar LeaseCo LLC
DBSI Landmark Towers Leaseco LLC
DBSI Lifestyle Center LeaseCo LLC
DBSI Lincoln Park 10 LeaseCo LLC
DBSI Mansell Forest LeaseCo LLC
DBSI Mansell Place LeaseCo LLC
DBSI Master Leaseco, Inc.
DBSI Meadow Chase Apartments LeaseCo LLC
DBSI Megan Crossings LeaseCo LLC
DBSI Metropolitan Square LeaseCo LLC

DBSI Missouri LeaseCo LLC
DBSI Network LeaseCo LLC
DBSI North Logan Retail Center LeaseCo LLC
DBSI North Park LeaseCo LLC
DBSI North Stafford LeaseCo LLC
DBSI Northlite Commons II LeaseCo LLC
DBSI Northpark Ridgeland LeaseCo LLC
DBSI Northridge LeaseCo LLC
DBSI Oakwood Plaza LeaseCo LLC
DBSI Old National Town Center LeaseCo LLC
DBSI One Executive Center LeaseCo LLC
DBSI One Hanover LeaseCo LLC
DBSI Park Creek-Gainesville LeaseCo LLC
DBSI Parkway III LeaseCo LLC
DBSI Peachtree Corners Pavilion LeaseCo LLC
DBSI Phoenix Peak LeaseCo LLC
DBSI Pinehurst Square East LeaseCo LLC
DBSI Pinehurst Square West LeaseCo LLC
DBSI Plano Tech Center LeaseCo LLC
DBSI Portofino Tech Center LeaseCo LLC
DBSI Road 68 Retail Center LeaseCo LLC
DBSI Sam Houston Tech Center LeaseCo LLC
DBSI Sapphire Pointe LeaseCo LLC
DBSI Sherwood Plaza LeaseCo LLC
DBSI Shoppes at Misty Meadows LeaseCo LLC
DBSI Shoppes at Trammel LeaseCo LLC
DBSI Signature Place LeaseCo LLC
DBSI Silver Lakes Leaseco LLC
DBSI Southport Pavilion LeaseCo LLC
DBSI Spalding Triangle LeaseCo LLC
DBSI Spring Valley Road LeaseCo LLC
DBSI Springville Corner Leaseco LLC
DBSI ST Tower LeaseCo LLC
DBSI St. Andrews Place LeaseCo LLC
DBSI Stone Glen Village LeaseCo LLC
DBSI Stony Brook South LeaseCo LLC
DBSI Streetside at Towne Lake LeaseCo LLC
DBSI Topsham Fair Mall LeaseCo LLC
DBSI Torrey Chase LeaseCo LLC
DBSI Treasure Valley Business Center LeaseCo LLC
DBSI Trinity Ridge Business Center LeaseCo LLC
DBSI University Park LeaseCo LLC
DBSI Vantage Drive LeaseCo LLC
DBSI Watkins LeaseCo LLC
DBSI West Oaks Square LeaseCo LLC
DBSI Wilson Estates LeaseCo LLC
DBSI Winchester Office LeaseCo LLC
DBSI Windcom Court LeaseCo LLC
DBSI Wisdom Pointe LeaseCo LLC
DBSI Woodlands Medical Office I LeaseCo LLC
DBSI Woodside Center LeaseCo LLC
DBSI Draper LeaseCo LLC
DBSI Academy Park Loop LeaseCo LLC
DBSI Copperfield Timbercreek LeaseCo LLC
DBSI Corporate Center II LeaseCo LLC
DBSI Executive Plaza LeaseCo LLC
DBSI Northgate LeaseCo LLC
DBSI Two Notch Rd. LeaseCo LLC
DBSI Broadway Plaza LeaseCo LLC
DBSI Republic LeaseCo LLC

# EXHIBIT B

067799.1001

## Bond or Note Debtors

DBSI 2001A Funding Corporation
DBSI 2001B Funding Corporation
DBSI 2001C Funding Corporation
DBSI 2005 Secured Notes Corporation

DBSI 2006 Secured Notes Corporation
DBSI 2008 Notes Corporation
DBSI Guaranteed Capital Corporation
DBSI Real Estate Funding Corporation

## Development Project Debtors

DBSI 121/Alma Land L.P.
DBSI Cottonwood Plaza Development LLC
DBSI Draper Technology 21 LLC
DBSI Escala LLC
DBSI Flowood Plaza LLC
DBSI Lansdowne I LP
DBSI Lexington LLC

DBSI Lone Peak Parkway LLC

DBSI Meridian I84 LLC
DBSI One Hernando Center North LLC
DBSI Telecom Office LLC
DBSI 121/Alma LLC
DBSI Alma/121 Office Commons LLC

## Corporate Debtors

DBSI Asset Management LLC
DBSI Development Services LLC
DBSI Discovery Real Estate Services LLC
DBSI Inc.
DBSI Land Development LLC
DBSI Master Leaseco, Inc.
DBSI Properties Inc.

DBSI Realty Inc.
DBSI Securities Corporation
DBSI/Western Technologies LLC
DCJ Inc.
FOR 1031 LLC
Spectrus Real Estate Inc.

## Acquisition Debtors

Belton Town Center Acquisition LLC
DBSI Brookhollow One LLC
DBSI Shoppes at Trammel LLC
DBSI Surprise Farms LLC
Florissant Market Place Acquisition LLC

FOR 1031 Broadway Plaza LLC
FOR 1031 Brookhollow One LLC
One-Executive Tower LLC
South Cavanaugh LLC

# UNITED STATES BANKRUPTCY COURT

### District of Delaware

In re: ___DBSI 2008 Land Option Fund LLC_____ ,      Case No. __08-12825_____

Debtor                                                                (if known)

## STATEMENT OF FINANCIAL AFFAIRS

    This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

    *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

    *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

    **1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                    SOURCE

see attached sheet

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                           SOURCE

see attached sheet

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR     DATES OF          AMOUNT          AMOUNT
                                 PAYMENTS          PAID            STILL OWING

None
☐

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

NAME AND ADDRESS OF CREDITOR          DATES OF          AMOUNT          AMOUNT
                                      PAYMENTS/         PAID OR         STILL
                                      TRANSFERS         VALUE OF        OWING
                                                        TRANSFERS

see attached sheet

None
☐ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

see attached sheet

---

4. **Suits and administrative proceedings, executions, garnishments and attachments**

None
☑ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

5. **Repossessions, foreclosures and returns**

None
☑ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

## 6. Assignments and receiverships

None

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

## 7. Gifts

None

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

## 8. Losses

None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 10. Other transfers

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None


List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None


List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None


List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18. Nature, location and name of business**

None ☑

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☑ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

|     NAME |     ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☑ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

|     NAME AND ADDRESS |     DATES SERVICES RENDERED |
|---|---|

see attached sheet

None ☑ b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

|     NAME |     ADDRESS |     DATES SERVICES RENDERED |
|---|---|---|

9

None ☑ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                        ADDRESS

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                DATE ISSUED

see Global Notes

---

**20. Inventories**

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY      INVENTORY SUPERVISOR      DOLLAR AMOUNT
OF INVENTORY
(Specify cost, market or other basis)

None ☑ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                              NAME AND ADDRESSES
OF CUSTODIAN
OF INVENTORY RECORDS

---

**21. Current Partners, Officers, Directors and Shareholders**

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS        NATURE OF INTEREST        PERCENTAGE OF INTEREST

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS        TITLE        NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

see attached sheet

**22 . Former partners, officers, directors and shareholders**

None
☑
a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                    ADDRESS              DATE OF WITHDRAWAL

None
☑
b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS              TITLE              DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☐
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

see response to SOFA 3c

---

**24. Tax Consolidation Group.**

None
☑
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION          TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None
☑
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND          TAXPAYER-IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

In re: <u>DBSI, INC., *et al.*</u>          Case No. <u>08-12687 (PJW)</u>
       DEBTORS

## <u>DECLARATION CONCERNING DEBTORS' STATEMENT OF FINANCIAL AFFAIRS</u>

      I, Timothy D. Boates, the Chief Restructuring Officer of the debtors in these cases, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and that they are true and accurate to the best of my knowledge, information and belief.

Date:   February 25, 2009
       Boise, ID



**Timothy D. Boates**
Chief Restructuring Officer
DBSI, Inc., *et al*

**Statement of Financial Affairs**

SOFA 1

Income from employment or operation of business

| Debtor Name: | DBSI 2008 Land Option Fund LLC |
| Case Name: | DBSI Inc., et al. |
| Case Number: | 08-12687 |

| Gross income from operation of business | | Source | Time Period |
|---|---|---|---|
| | - | Rent | January 1 - October 31, 2008 |
| | | Expense Reimbursement | January 1 - October 31, 2008 |
| | - | Rent | January 1, 2007 - December 31, 2007 |
| | | Expense Reimbursement | January 1, 2007 - December 31, 2007 |
| | - | Rent | January 1, 2006 - December 31, 2006 |
| | - | Expense Reimbursement | January 1, 2006 - December 31, 2006 |

**Statement of Financial Affairs**

SOFA 2

Income other than from operation of business

| Debtor Name: | DBSI 2008 Land Option Fund LLC |
| Case Name: | DBSI Inc., et al. |
| Case Number: | 08-12687 |

| Income other than from operation of business | Source | Time Period |
|---|---|---|
| 1,623.31 | Other Income | January 1, 2008 - October 31, 2008 |
| - | Other Income | January 1, 2007 - December 31, 2007 |
| - | Other Income | January 1, 2006 - December 31, 2006 |

| Statement of Financial Affairs | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| SOFA 3B | | | | | | | | |
| Payments to creditors | | | | | | | | |
| | | | | | | | | |
| Debtor Name: | DBSI 2008 Land Option Fund LLC | | | | | | | |
| | | | | | | | | |
| Case Name: | DBSI Inc., et al. | | | | | | | |
| | | | | | | | | |
| Case Number: | 08-12687 | | | | | | | |
| Aug 10, 2008 - Nov 9, 2008 | | | | | | | | |
| Name of creditor | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid |
| National Financial Services LLC | FBO Jake and Carol Rogers | 200 Liberty St., One World Financial Cntr | New York | NY | 10281 | 10/2/2008 | 50,000.00 |
| Donald and Carol Schmidgall | 1305 Middle St. | | Mediapolis | IA | 52637 | 10/2/2008 | 50,000.00 |
| Lorin Zissman | 662 Tabernacle Dr. | | Medford | NJ | 08055-9710 | 10/2/2008 | 50,000.00 |

Statement of Financial Affairs

SOFA 3C

Payments to creditors who were insiders

| | |
|---|---|
| **Debtor Name:** | DBSI 2008 Land Option Fund LLC |
| **Case Name:** | DBSI Inc., et al. |
| **Case Number:** | 08-12687 |
| 11/10/07 - 11/09/08 | |

| Name of creditor who was insider | Address 1 | Address 2 | City | State | Zip | Payment date | Amount paid / accrued | Description |
|---|---|---|---|---|---|---|---|---|
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 7/30/2008 | 7,750.00 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 8/26/2008 | 21,312.50 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 8/26/2008 | 52,118.75 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 8/26/2008 | 48,050.00 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/2/2008 | 54,637.50 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/3/2008 | 3,875.00 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/9/2008 | 4,998.75 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/9/2008 | 39,525.00 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/9/2008 | 3,375.00 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/11/2008 | 3,875.00 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/16/2008 | 49,041.35 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/23/2008 | 87,373.50 | Commission Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 7/30/2008 | 2,000.00 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 8/26/2008 | 5,500.00 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 8/26/2008 | 13,450.00 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 8/26/2008 | 12,400.00 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/2/2008 | 14,100.00 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/3/2008 | 1,000.00 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/9/2008 | 1,290.00 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/9/2008 | 10,200.00 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/11/2008 | 1,000.00 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/16/2008 | 12,655.83 | Marketing Expense Payment |
| DBSI Securities Corporation | 12426 W Explorer Drive | | Boise | ID | 83713 | 9/23/2008 | 22,548.00 | Marketing Expense Payment |

**Statement of Financial Affairs**

SOFA 19A

Books, records and financial statements

| | | |
|---|---|---|
| **Debtor Name:** | DBSI 2008 Land Option Fund LLC | |
| **Case Name:** | DBSI Inc., et al. | |
| **Case Number:** | 08-12687 | |

| Name | Address 1 | Address 2 | City | State | Zip | Title | Dates services rendered |
|---|---|---|---|---|---|---|---|
| Matt Duckett & Team | 18831 Wagner Road | | Caldwell | ID | 83607 | Vice President, Finance & Accounting | 2004 - 2008 |
| Paris Cole & Team | 2877 South Bay Star Way | | Meridian | ID | 83642 | Controller | 2005 - 2008 |
| Steve Brooke & Team | 1415 E. Village Green Street | | Meridian | ID | 83642 | Director, Property Accounting | 2005 - 2008 |

**Statement of Financial Affairs**

SOFA 21B

Current Partners, Officers, Directors and Shareholders (if a corporation)

| Debtor Name: | DBSI 2008 Land Option Fund LLC |
| --- | --- |
| Case Name: | DBSI Inc., et al. |
| Case Number: | 08-12687 |

| Name | Address 1 | Address 2 | City | State | Zip | Title | Nature and percentage of stock ownership |
| --- | --- | --- | --- | --- | --- | --- | --- |
| DBSI Asset Management LLC | 12426 W. Explorer Drive | | Boise | ID | 83713 | Voting Member | 100% voting units |
| DBSI Asset Management LLC | 12426 W. Explorer Drive | | Boise | ID | 83713 | Sole Manager | |
| There are no officers or directors of the entity. All management is vested in the sole manager. | | | | | | | |
| | | | | | | | |
| | | | | | | | # OF UNITS |
| Investor Members | | | | | | | |
| Smith Family Living Trust | 1170 South 300 West | | Orem | UT | 84058 | Investor Member | 2.00 |
| 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 Jenkins | 7612 142 Avenue NE | | Redmond | WA | | Investor Member | 1.00 |
| Wooldridge Charitable Remainder Unitrust Dated 9/19/1997 | 312 Columbo Circle | | Orlando | FL | 32804 | Investor Member | 2.00 |
| Knott Revocable Trust Dtd. 02/26/98 | 2880 Bicentennial Pkwy Ste.100 PMB#11 | | Henderson | NV | 89044 | Investor Member | 2.00 |
| Chris Botha Revocable Trust | One S. Eola Drive, Unit 14 | | Orlando | FL | 32801 | Investor Member | 3.30 |
| Carl Hiller | 1407 Middle Rd., #24 | | Calverton | NY | 11933 | Investor Member | 0.50 |
| North Atlanta Podiatry Group PSP | 235 Shadow Ledge Lane | | Roswell | GA | 30076-3567 | Investor Member | 2.10 |
| Dupuis MDPA Defined Benefit Plan | 735 Tanglewood Dr. | | Pensacola | FL | 32503 | Investor Member | 2.50 |
| Rochelle Mandell | 2516 Dana Street | | Berkley | CA | 94704 | Investor Member | 1.00 |
| The Mount-Hill Revocable Trust | 5070 N. La Lomita | | Tucson | AZ | 85718 | Investor Member | 1.00 |
| 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 Lam | 11110 Capri St. | | Houston | TX | 77024 | Investor Member | 1.00 |
| Betty Brown | 1400 Eggers Place | | Meridian | ID | 83642 | Investor Member | 1.50 |
| Susan F. Senger Revocable Living Trust 7/18/02 | 6907 New Hope Rd. | | Orlando | FL | 32824 | Investor Member | 1.00 |
| Richard Wilson | 1011 North Richman Knolls | | Fullerton | CA | 92835 | Investor Member | 1.00 |
| Ruth Benfield | 22944 Jacobson Road | | Brooksville | FL | 34601 | Investor Member | 2.00 |
| Rajnish Puri | 8805 Windsor Pointe Drive | | Orlando | FL | 32829 | Investor Member | 1.00 |
| Blaine Hawker | 500 NE LaCosta Street | | Lee's Summit | MO | 64064 | Investor Member | 1.45 |
| Sharon E. Hutchens Rev. Trust Agreement | 9840 S. 475 E | | Sandy | UT | 84070 | Investor Member | 7.00 |
| 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 Payne | 12105 West Lake Road | | Rice | MN | 55369 | Investor Member | 1.50 |
| Brian Tuggle | 16170 Central Pike | | Lebanon | TN | 37090 | Investor Member | 2.00 |
| Gary Panter | 6854 Pollard Lane | | Meridian | ID | 83642 | Investor Member | 1.00 |
| Russell Robinson | 105 Maniguati Drive | | Summerville | SC | 29483 | Investor Member | 1.00 |
| Russell Robinson | 105 Maniguati Drive | | Summerville | SC | 29483 | Investor Member | 1.00 |
| Thomas Miskimen | 6040 Melody Lane N.E. | | N. Canton | OH | 44721 | Investor Member | 2.00 |
| 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 McKosky | 111 Parsonage Hill | | Northford | CT | 06472 | Investor Member | 1.00 |
| Russell Robinson | 251 Tingley Street | | Summerville | SC | 29483 | Investor Member | 2.00 |
| 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 Flores | 1301 W. 184th St. | | San Francisco | CA | 94112 | Investor Member | 1.20 |
| Amelia Little | 1309 Peach Tree Drive | | Gardena | CA | 90240 | Investor Member | 1.00 |
| Amelia Little | 3399 S. Cloverdale | | Dunedin | FL | 34698 | Investor Member | 1.00 |
| Vicki Schott | 5 Spruce Hill Rd | | Boise | ID | 83709 | Investor Member | 1.00 |
| Allin Family Trust | 1446 Ranch Road | | Armonk | NY | 10504 | Investor Member | 1.00 |
| Fotheringham Family Rev Trust | 696 S St James Place | | Encinitas | CA | 92024 | Investor Member | 1.04 |
| Walter C. Jewett Revocable Trust, dated June 19, 1996 | 2253 Ridgewood Court | | Cedar City | UT | 84720 | Investor Member | 1.00 |
| Catherine Wurm | 7514-106th Street NW | | Ashland | OH | 44805 | Investor Member | 1.00 |
| Louise Rich | 2944 Greenwood Acres Dr. | | Maple Lake | MN | 55358 | Investor Member | 1.00 |
| Ila Peterson | 3420 S. 7615 W. | | De Kolb | IL | 60115 | Investor Member | 1.00 |
| | | | Magna | UT | 84044 | Investor Member | 1.36 |

| Name | Address 1 | Address 2 | City | State | Zip | Title | Nature and percentage of stock ownership |
|---|---|---|---|---|---|---|---|
| Roy Peterson | 3420 S. 7615 W. | | Magna | UT | 84044 | Investor Member | 1.58 |
| Roy Peterson | 3420 S. 7615 W. | | Magna | UT | 84044 | Investor Member | 1.72 |
| 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 Sullivan | 722 Jerusalem Road | | Cohasset | MA | 02025 | Investor Member | 0.60 |
| 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 Desai | 7055 Long View Road | | Columbia | MD | 21044 | Investor Member | 1.00 |
| Villaggio Family Living Trust | 8045 E. Saddlehorn Road | | Scottsdale | AZ | 85255 | Investor Member | 1.00 |
| Carmello Muscari | 953 NW 106th Way | | Coral Springs | FL | 33071 | Investor Member | 1.29 |
| 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 Philipsen | 3420 Ute Ave | | Waukee | IA | 50263 | Investor Member | 1.00 |
| Beverly Clarke | 1811 Kane | | Houston | TX | 77077 | Investor Member | 1.70 |
| 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 - Lloyd | 1132 East 2500 North | | Provo | UT | 84604 | Investor Member | 1.07 |
| The James and Brenda Bock Family Trust | 300 New Stine Rd. | | Bakersfield | CA | 93309 | Investor Member | 1.00 |
| Parakkat Gopalakrishnan | 310 Cleveland | | Mullins | SC | 29574 | Investor Member | 0.50 |
| 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 Boyd | 16 Cascade Terrace | | Burlington | IA | 52601 | Investor Member | 2.00 |
| Richard Levangie | PO Box 27428 | | Prescott Valley | AZ | 86312 | Investor Member | 1.00 |
| John E. Parrish Profit Sharing Plan | 1218 Manufacturing | | Dallas | TX | 75207 | Investor Member | 1.10 |
| Jerome Weiskopf | 6933 Lexus Dr. | | Rockford | IL | 61108 | Investor Member | 1.00 |
| Beverly Clarke | 1811 Kane | | Houston | TX | 77077 | Investor Member | 1.50 |
| The Edward J. Alexander Trust dated Sept.27, 2002 | 52 Prairie Village Plaza | | Morton | IL | 61550 | Investor Member | 4.00 |
| Lora Schwartz | 5571 Holladay Blvd. | | Salt Lake City | UT | 84117 | Investor Member | 1.00 |
| 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 Murray | 4017 W. 29th Court | | Davenport | IA | 52804-5026 | Investor Member | 1.00 |
| 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 Vandewiele | 1110 Fondulac Drive | | East Peoria | IL | 61611 | Investor Member | 1.00 |
| Donald Cross | 31927 Sylvan Rd. | | Golden | CO | 80403 | Investor Member | 0.50 |
| Scott Schlegel | 180 Ellen Drive | | Berea | OH | 44017 | Investor Member | 3.65 |
| Janet C. Lincoln Trust U/A 12/01/99 | 1217 Creek Trail Drive | | Pleasanton | CA | 94566 | Investor Member | 1.00 |
| Philomina Thuruthumaly Defined B/P | 707 Brentwood | | Princeton | IN | 47670 | Investor Member | 1.00 |
| Rosemary Furlong Trust | 867 Terra California Drive #1 | | Walnut Creek | CA | 94595 | Investor Member | 1.20 |
| Helen E Hampton Trust | 867 Terra California Drive #1 | | Walnut Creek | CA | 94595 | Investor Member | 1.40 |
| Harriet Buss | 3505 Merrifield Rd. | | Rocky Mount | NC | 27804 | Investor Member | 1.50 |
| Jon Schmidgall | 508 Iowa St. | | Mediapolis | IA | 52637 | Investor Member | 1.00 |
| The Peterman Family Trust | 2092 Rosedale Dr. | | San Pablo | CA | 94806 | Investor Member | 2.00 |
| Debora Lancaster | 2080 Linwood Road | | Watertown | TN | 37184 | Investor Member | 0.80 |

<u>Exhibit F</u>

## Schedule of Cash Receipts and Disbursements

## DBSI 2008 Land Option Fund LLC

## Case # 08-12825

### Reporting Period: 07/01/2008 - 11/10/2008

| | | |
|---|---|---|
| **Beginning Cash** | **07/01/2008** | 0.00 |
| **Receipts** | | |
|    Net Investor Deposits | | 315,000.00 |
|    Initial Capitalization | | 10,000.00 |
|        Total Receipts | | 325,000.00 |
| **Disbursements** | | |
|   Commission and Marketing | | 9,750.00 |
|       Total Disbursements | | 9,750.00 |
| **Ending Cash** | **7/31/2008** | 315,250.00 |

| | | |
|---|---|---|
| **Beginning Cash** | **08/01/2008** | 315,250.00 |
| **Receipts** | | |
|    Net Investor Deposits | | 2,570,100.00 |
|    Initial Capitalization | | 10,000.00 |
|        Total Receipts | | 2,580,100.00 |
| **Disbursements** | | |
|   Commission and Marketing | | 152,831.25 |
|       Total Disbursements | | 152,831.25 |
| **Ending Cash** | **8/31/2008** | 2,742,518.75 |

| | | |
|---|---|---|
| **Beginning Cash** | **09/01/2008** | 2,742,518.75 |
| **Receipts** | | |
|    Net Investor Deposits | | 1,854,216.60 |
|    Equity to Be Refunded | | 250,000.00 |
|        Total Receipts | | 2,104,216.60 |
| **Disbursements** | | |
|   Commission and Marketing | | 306,119.93 |
|   Reimbursement of Init Capitalization | | 10,000.00 |
|       Total Disbursements | | 316,119.93 |
| **Ending Cash** | **9/30/2008** | 4,530,615.42 |

## Schedule of Cash Receipts and Disbursements

### DBSI 2008 Land Option Fund LLC
### Case # 08-12825

Reporting Period: 07/01/2008 - 11/10/2008

| | | |
|---|---|---|
| **Beginning Cash** | **10/01/2008** | 4,530,615.42 |
| **Receipts** | | |
| Euro Sweep Interest | | 1,623.31 |
| Total Receipts | | 1,623.31 |
| | | |
| **Disbursements** | | |
| Equity Refunded to Investors | | 250,000.00 |
| Total Disbursements | | 250,000.00 |
| | | |
| **Ending Cash** | **10/31/2008** | 4,282,238.73 |

| | | |
|---|---|---|
| **Beginning Cash** | **11/01/2008** | 4,282,238.73 |
| **Receipts** | | |
| Euro Sweep Interest | | 2,798.38 |
| Total Receipts | | 2,798.38 |
| | | |
| **Disbursements** | | |
| Commission and Marketing | | 0.00 |
| Total Disbursements | | 0.00 |
| | | |
| **Ending Cash** | **11/10/2008** | 4,285,037.11 |

<u>Exhibit G</u>



KeyBank
P.O. Box 22114
Albany, NY 12201-2114

129681014772

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

13      T  0968 00000 R EM AO

**DBSI LAND OPTION FUND LLC**
**JAMES R ZAZZALI, TRUSTEE-CASE #08-12687**
**12426 W EXPLORER DR**
**STE 220**
**BOISE ID 83713-1560**

*Questions or comments?*
*Call 1-800-821-2829*

---

### KeyNotes

*Important Information about Check Image Statements*
.
*If you are receiving statements displaying digital images of the front and back*
*of each check, please note the following important information.*
.
*Statements will be limited to ten thousand digital check images. Accounts with*
*more than ten thousand checks per statement period will not receive check images*
*with the account statement.*
.
*If you should require a copy of a specific check image, all the digital check*
*images or to discuss other delivery channels for check images please feel free*
*to contact us at the phone number provided on this statement. Check images are*
*retained on our secure system for the period specified by law.*
.
*Please read and retain this information with all of your KeyBank Account Opening*
*Agreements and Disclosures.*

---

**Key Business Checking 129681014772**

DBSI LAND OPTION FUND LLC
JAMES R ZAZZALI, TRUSTEE-CASE#08-12687

| | |
|---|---|
| Beginning balance 4-30-10 | $4,333,476.44 |
| 1 Subtraction | -651.69 |
| **Ending balance 5-31-10** | **$4,332,824.75** |

### Subtractions

| Transfers | Date | Serial # | Destination | | |
|---|---|---|---|---|---|
| | 5-5 | | Trf To     DDA 0000129681015886 | 1256 | $651.69 |
| | | | **Total subtractions** | | **$651.69** |

129681014772 - 01256
31349





129681014772

**Fees and**
**charges**     *See your Account  Analysis statement  for details.*



## CUSTOMER ACCOUNT DISCLOSURES

The following disclosures apply only to accounts covered by the Federal Truth-in-Lending Act or the Federal Electronic Funds Transfer Act, as amended, or similar state laws.

**IN CASE OF ERROR OR QUESTIONS ABOUT YOUR ELECTRONIC TRANSFERS:**

Call us at the phone number indicated on the first page of this statement, OR write us at the address listed there, as soon as you can, if you think your statement or receipt is wrong or if you need more information about a transfer listed on the statement or receipt. We must hear from you no later than sixty (60) days after we sent you the FIRST statement on which the problem or error appeared.

- Tell us your name and Account number;
- Describe the error or transfer that you are unsure about, and explain as clearly as you can why you believe it is an error or why you need more information;
- Tell us the dollar amount of the suspected error.

If you tell us orally, we may require that you send us your complaint or question in writing within ten (10) business days.

We will investigate your complaint and will correct any error promptly. If we take more than ten (10) business days to do this, we will recredit your account for the amount you think is in error, so that you will have use of the money during the time it takes us to complete our investigation.

**COMMON ELECTRONIC TRANSACTION DESCRIPTIONS:**

| | |
|---|---|
| XFER TO SAV | - Transfer to Savings Account |
| XFER FROM SAV | - Transfer from Savings Account |
| XFER TO CKG | - Transfer to Checking Account |
| XFER FROM CKG | - Transfer from Checking Account |
| PMT TO CR CARD | - Payment to Credit Card |
| ADV CR CARD | - Advance from Credit Card |

**Preauthorized Credits:** If you have arranged to have direct deposits made to your Account at least once every sixty (60) days from the same person or company, you can call us at the number indicated on the reverse side to find out whether or not the deposit has been made.

### IMPORTANT LINE OF CREDIT INFORMATION

**What To Do If You Think You Find A Mistake on Your Statement :** If you think there is an error on your statement, write us at: KeyBank N.A., P.O Box 93885, Cleveland, OH 44101- 4825.

In your letter, give us the following information:

- Account Information : Your name and account number.
- Dollar Amount : The dollar amount of the suspected error.
- Description of the Problem : If you think there is an error on your bill, describe what you believe is wrong and why you believe it was a mistake.

You must contact us within 60 days after the error appeared on your statement. You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following are true:

- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Explanation of Finance Charge:** Your Finance Charge attributable to interest (hereinafter referred to as interest) is computed using the Average Daily Balance method.

**Average Daily Balance method (Balance Subject to Interest Rate):** Your interest is computed on all purchases and cash advances (collectively "advances") from the date each advance is posted until we receive payment in full (there is no grace period). We figure the interest on your line of credit by multiplying the daily periodic rate by the "Average Daily Balance" of your line of credit (including current transactions) and multiplying by the number of days in the billing cycle. To get the Average Daily Balance we take the beginning balance of your line of credit each day, add any new advances or debits, and subtract any payments and credits, any non-financed fees and unpaid interest. This gives us the daily balance. Then we add up all of your daily balances in the billing cycle and divide this total by the number of days in the billing cycle to get your Average Daily Balance.

CREDIT INFORMATION: If you believe we have reported inaccurate information about your account to a credit reporting agency, you may contact the credit reporting agency or write to us at:

Key Credit Research Department
P.O. Box 94518
Cleveland, Ohio 44101-4518

Please include your account number, a copy of your credit report reflecting the inaccurate information, name, address, city, state, and zip code, and an explanation of why you believe the information is inaccurate.

---

### BALANCING YOUR ACCOUNT

Please examine your statement and paid check information upon receipt. Erasures, alterations or irregularities should be reported promptly in accordance with your account agreement. The suggested steps below will help you balance your account.

**❶ Verify and check off in your check register** each deposit, check or other transaction shown on this statement.

**❷ Enter into your check register and SUBTRACT:**
- Checks or other deductions shown on our statement that you have *not* already entered.
- The "Service charges", if any, shown on your statement.

**❸ Enter into your check register and ADD:**
- Deposits or other credits shown on your statement that you have *not* already entered.
- The "Interest earned" shown on your statement, if any.

**❹ List from your check register any checks or other deductions that are *not* shown on your statement.**

| Check # or Date | Amount |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| TOTAL ➜ | $ |

**❺ List any deposits from your check register that are *not* shown on your statement.**

| Date | Amount |
|---|---|
| | |
| | |
| | |
| TOTAL ➜ | $ |

**❻ Enter ending balance shown on your statement.**

| $ | |
|---|---|

**❼ Add 5 and 6 and enter total here.**

| $ | |
|---|---|

**❽ Enter total from 4.**

| $ | |
|---|---|

**❾ Subtract 8 from 7 and enter difference here.**

| $ | |
|---|---|

This amount should agree with your check register balance.