IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DBSI, INC., et al. | ) | Case No. 08-12687(PJW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

## MEMORANDUM OPINION

Eric Lopez Schnabel
Robert W. Mallard
DORSEY & WHITNEY (DELAWARE)LLP
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801

Annette W. Jarvis
DORSEY & WHITNEY LLP
136 South Main Street
Suite 1000
Salt Lake City, Utah 84101

Blake S. Atkin
ATKIN LAW OFFICES, P.C.
7579 North West Side Highway
Clifton, Idaho 83228
837 South 500 West, Suite 200
Bountiful, Utah 84010

Joe Hepworth
Bill Fillmore
FILLMORE SPENCER LLC
At Jamestown Square
3301 N. University Avenue
Provo, Utah 84604

Attorneys for Wavetronix LLC,
David V. Arnold and Michael
Jensen

William D. Sullivan
Sullivan · Hazeltine · Allinson LLC
901 North Market Street, Suite 1300
Wilmington, DE 19801

Kurt F. Gwynne
REED SMITH LLP
1201 N. Market Street
Suite 1500
Wilmington, DE 19801

Co-Counsel to Conrad Myers,
as trustee for the DBSI
Liquidating Trust

Counsel to William Rich

Natasha M. Songonuga
GIBBONS P.C.
1000 N. West Street
Suite 1200
Wilmington, DE 19801-1058

Brian J. McMahon
Jennifer A. Hradil
Joshua R. Elias
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310

Co-Counsel to Conrad Myers,
as trustee for the DBSI
Liquidating Trust

Nathan A. Schultz
LAW OFFICE OF NATHAN A. SCHULTZ, P.C.
10729 Wood View Terrace
Traverse City, MI 49686

Counsel for Trust Oversight Committee

Dated: August 2, 2012

**WALSH, J.**

This memorandum opinion is with respect to the Motion of Wavetronix LLC for an Order Granting Permission to Bring a Judicial Action Against Conrad Myers in His Official Capacity as Trustee of the DBSI Liquidating Trust with Respect to His Acts and Omissions as the Trustee in Violation of State and Federal Racketeering Laws ("the Motion") filed by Wavetronix LLC ("Wavetronix"), Dr. David Arnold ("Arnold"), and Dr. Michael Jensen ("Jensen", and collectively with Wavetronix and Arnold, "Movants"). (Doc. # 7699.) For the reasons described below, I will deny the Motion.

## Background[1]

The history of the DBSI, Inc. bankruptcy cases is well-documented and intimately known to the parties, and so I will provide only a brief review of the relevant facts here. In November 2008, DBSI Inc. ("DBSI") and numerous of its affiliates (collectively, "Debtors") filed for voluntary relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 et seq. A plan of liquidation (the "Plan") was confirmed by an order (the "Confirmation Order") issued by this Court on October 26, 2010. (Docs. ## 5699, 5924.) The Confirmation Order named James R. Zazzali ("Zazzali"), who was the chapter 11 trustee, and Conrad Myers ("Myers") as Litigation Trustee of the DBSI Estate Litigation

---

[1] The following facts are undisputed by the parties, except where noted.

Trust and Liquidation Trustee of the DBSI Estate Liquidation Trust, respectively, pursuant to the Plan.  (Doc. # 5924.)

In 2000, DBSI's principal Douglas Swenson ("Swenson"), Arnold, and Jensen formed Wavetronix to develop and market radar devices.  Through Stellar Technologies, LLC ("Stellar"), a DBSI-related holding company, DBSI contributed millions of dollars to Wavetronix and took a 60 percent interest in Wavetronix.

Wavetronix is not a debtor in the DBSI cases.  While not a debtor in these cases, Stellar and several other non-debtor entities were substantively consolidated into the DBSI estates pursuant to the terms of the Plan.  Under the Plan, Stellar's interest in Wavetronix — at that point, approximately 62 percent of the membership interests — was transferred to the Liquidation Trust on the Plan's effective date, October 29, 2010.  (Doc. # 5699.)

Whether Stellar's contributions to Wavetronix can be characterized as debt or equity is currently disputed between Movants on the one hand, and Myers and Zazzali on the other.  On December 3, 2010, Wavetronix filed an adversary proceeding against the DBSI Liquidating Trust and Myers as Liquidating Trustee seeking a declaratory judgment that (1) Stellar was dissociated from Wavetronix under Idaho law and the terms of Wavetronix's operating agreement, and (2) the Stellar contributions were equity rather than debt.  (Adv. No. 10-55592 (PJW).)  Movants alleged that Swenson had fraudulently recharacterized Stellar's investments as debt, and had

5

coerced Arnold into signing retroactive secured promissory notes and a limited personal guaranty. (Adv. No. 10-55592 (PJW), Doc. # 1 ¶¶ 19-39.) A few days later on December 7, 2010, Myers and Zazzali commenced an adversary proceeding against Movants and certain other named and unnamed parties for the avoidance of allegedly fraudulent transfers and damages for breach of the promissory notes executed by Arnold. (Adv. No. 10-55963 (PJW)). Both adversary actions have been pending before this Court for the last eighteen months.

On May 17, 2012, Movants filed suit against Swenson, several other insiders of DBSI and/or Stellar[2], and Myers "individually but not in his capacity as Trustee of the DBSI Liquidation Trust" in the U.S. District Court for the District of Idaho (the "Idaho Action"). (Civ. No. 4:12-cv-00244-BLW, Doc. # 1.) Movants seek relief under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and Idaho law for wire fraud, money laundering, and other racketeering activities.

Movants filed the Motion on May 23, 2012, seeking permission from this Court to add Myers in his official capacity as a defendant in the Idaho Action. Myers objected, arguing that the Plan, the Confirmation Order, and the "Barton doctrine," established in Barton v. Barbour, 104 U.S. 126 (1881), preclude Movants from

---

[2] Namely, John D. Foster, Thomas Var Reeve, Charles Hassard, Paul Judge, Gary Bringhurst, Walter Mott, Jeremy Swenson, John Mayeron, and William Rich. Movants also named "John Does 1-20."

suing Myers.  (Doc. # 7716.)  After briefing from the parties, this Court held a hearing on July 31, 2012.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

### Discussion

The Barton doctrine is specifically set forth in the Confirmation Order: "Absent the permission of the Court, no judicial, administrative, arbitral, or other action or proceeding shall be commenced in any forum other than this Court against the Trustee or the Litigation Trustee in their official capacity, with respect to their status, duties, powers, acts, or omissions as Trustee or Litigation Trustee, as applicable." (Confirmation Order ¶ 12.)  Movants' proposed First Amended Complaint correctly states that "Myers is the bankruptcy court-approved trustee of the DBSI Liquidating Trust." (Am. Compl. ¶ 16.)

On April 5, 2011 Wavetronix filed a proof of claim as to Stellar (Claim No. 22573).[3]

Paragraph 1 of the Confirmation Order provides in relevant part: "The terms of the Plan are incorporated by reference into, and

---

[3] While the original claim's bar date was well before April 5, 2011, the claim states that the Trustee and Wavetronix entered into a stipulation extending the claims bar date to April 5, 2011.

are an integral part of this Order." Paragraph 21 of the Confirmation Order provides in relevant part:

> <u>Injunction Release; Exculpation.</u> The injunctions, releases and exculpation provisions set forth in the Plan, including, but not limited to, the injunction set forth in Section E of Article XI ... are approved as fair, equitable, reasonable and in the best interests of the DBSI Consolidated Debtors and the Note/Fund Consolidated Debtors, as applicable, their Estates and all Creditors and are warranted based on applicable law.

In relevant part, the Plan's injunction (the "Plan Injunction") provision provides as follows:

> All Persons who have been, are or may be Holders of Claims against or Interests in a Plan Debtor shall be enjoined from taking any of the following actions against or affecting a Plan Debtor, its Estate, the DBSI Liquidating Trust, the DBSI Real Estate Liquidating Trust, <u>the DBSI Liquidating Trustee</u>, the DBSI Real Estate Liquidating Trustee, <u>or the respective Assets of the foregoing including the Applicable Trust Assets</u>, with respect to such Claims or Interests:
>
>> (i) commencing, conducting or continuing in any manner, directly or indirectly, <u>any suit, action or other proceeding of any kind against</u> a Plan Debtor, its Estate, the DBSI Liquidating Trust, the DBSI Real Estate Liquidating Trust, the <u>DBSI Liquidating Trustee</u>, the DBSI Real Estate Liquidating Trustee, <u>or the respective Assets of the foregoing</u>, including the applicable Trust Assets ....[4]

(Plan Article XI, Sec. E, at 135)(emphasis added.)

---

[4] Note that the Plan Injunction is not limited to actions asserting the equivalent of a Claim or Interest against the named entities. It is broader than that. It enjoins "any suit, action or other proceeding of any kind."

Section 1.169 of the Plan defines "Plan Debtor(s)" as including "DBSI, Inc." Thus, DBSI, Inc. falls within the term "Plan Debtor" as used in the Plan Injunction provision. Section 1.32 of the Plan states: "Consolidated Non-Debtor(s) means individually and collectively, as the context requires, DBSI Redemption, DBSI Investments, Stellar and the Non-Debtor Affiliates described in Schedule 1 to the Disclosure Statement." Section 1.203 of the Plan provides: "Stellar means Stellar Technologies, LLC." Article VI (B)(2)(b) of the Plan provides as follows:

> The Assets of the Consolidated Non-Debtors shall be part of the DBSI Liquidating Trust Assets, except as otherwise provided for in the Plan. The Claims against, and Interests in, the Consolidated Non-Debtors shall be Claims against, and Interests in, DBSI and shall be treated in accordance with the provisions of the Plan classifying and treating Claims against and Interests in DBSI.

Thus, Wavetronix, as a holder of a claim against a Plan Debtor, is subject to the Plan Injunction. It is specifically enjoined from asserting "any suit, action or other proceeding of any kind against" Myers. Therefore, the Motion will be denied.

In the proposed First Amended Complaint, Wavetronix repeatedly alleges that "to the extent that Myers acted in his official capacity as Trustee of the Liquidating Trust, those damages are recoverable from the corpus of the Liquidating Trust." (First Am. Compl. ¶¶ 261, 300, 301, 308, 342.) In addition to the entities identified in the Plan Injunction, that injunction also specifically

covers "the respective Assets of the foregoing." For this additional reason, I will deny the Motion.

## Conclusion

Wavetronix's Idaho Action against Myers is in violation of the Plan Injunction. Thus, Wavetronix is in contempt of this Court's Confirmation Order. If Wavetronix does not immediately withdraw with prejudice its Idaho Action as to Myers, I will entertain a motion for sanctions.