# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

November 20, 2012

TO: Attorneys identified on Exhibit A attached hereto

**Re: DBSI, Inc., et al.
Case No. 08-12687 (PJW)**

Dear Counsel:

Enclosed is a copy of the order that has been entered granting the relief sought by the Joint Motion of DBSI Liquidating Trustee and Trust Oversight Committee For Entry of Order Directing Wavetronix, LLC to Stop Interfering With Administration of the DBSI Liquidating Trust And Provide Required Financial Information, By Way of Examination Under Federal Rule of Bankruptcy Procedure 2004 If Necessary (Doc. # 7834).

With respect to the issues that were debated at the November 13 hearing, I briefly comment as follows:

The Joint Motion makes it clear that Wavetronix is withholding information that is essential to the conduct of the Trustee's fiduciary duties.

Wavetronix reliance on the arbitration provision of the Operating Agreement is not well founded. The Operating Agreement's arbitration provision applies to disputes among "Members". The

target of the Joint Motion is Wavetronix.  Wavetronix is not a Member.  The Trust Oversight Committee is also not a Member.

Collier's makes it clear that "[a] Rule 2004 examination may be taken after a plan is confirmed but should be limited to issues which the court can still entertain, such as postpetition administration." 9 Collier on Bankruptcy ¶ 2004.02[12], p. 2004-11 (16th ed. rev. 2010.)

The Plan makes it clear that the Joint Motion is a postpetition administrative matter over which this Court has exclusive jurisdiction.  Article XII (A) of the Plan provides as follows:

> Pursuant to Sections 105, 1123(a)(5), and 1142(b) of the Bankruptcy Code, on or after the Confirmation Date, and notwithstanding the entry of the Confirmation Order or occurrence of the Effective Date, the Bankruptcy Court will retain exclusive jurisdiction of the Chapter 11 Cases and all matters arising under, arising out of, or related to, the Chapter 11 Cases and the Plan, to the fullest extent permitted by law, including, among other things, jurisdiction:
>
> * * *
>
> • over conflicts and disputes between the Trustee, the Trust, and Holders of Claims or Interests;
>
> * * *
>
> • to issue injunctions, provide declaratory relief, or gant such other legal or equitable relief as may be necessary or appropriate to restrain interference with the Plan, the Plan Debtors, the Estates or their property, the Chapter 11 Trustee, Creditors' Committee, the Trust or its property, the Trustee, the Private Actions Trust or the Private Actions Trustee, the Professionals, or the Confirmation Order;

(Doc. # 5924, pp. 138, 140.)

                                    Very truly yours,

                                    Peter J. Walsh

PJW:ipm

**EXHIBIT A**

Eric Lopez Schnabel
Robert W. Mallard
DORSEY & WHITNEY (DELAWARE)LLP
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801

Annette W. Jarvis
DORSEY & WHITNEY LLP
136 South Main Street
Suite 1000
Salt Lake City, Utah 84101

Joseph M. Hepworth
William L. Fillmore
FILLMORE SPENCER LLC
At Jamestown Square
3301 N. University Avenue
Provo, Utah 84604

Blake S. Atkin
ATKIN LAW OFFICES, P.C.
7579 North West Side Highway
Clifton, Idaho 83228
837 South 500 West, Suite 200
Bountiful, Utah 84010

Attorneys for Wavetronix LLC,
David V. Arnold and Michael
Jensen

Natasha M. Songonuga
GIBBONS P.C.
1000 N. West Street
Suite 1200
Wilmington, DE 19801-1058

Karen A. Giannelli
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310

Counsel to Conrad Myers,
Trustee for the DBSI
Liquidating Trust

Nathan A. Schultz
LAW OFFICE OF NATHAN A. SCHULTZ,
P.C.
10621 Craig Road
Traverse City, MI 49686-9221

Counsel for Trust Oversight
Committee for the DBSI
Liquidating Trust